WILLIAMS v. HINTON.

1. Justices of the peace have jurisdiction of suits on contracts, for the delivery of specific articles, and to give judgment for the proper sum, not exceeding fifty dollars in money.

2. Justices of the peace have no jurisdiction of the actions of Trover or Detinue, although the property converted or detained, may be of a less value than fifty dollars.

3. If the proceedings before a justice of the peace, are regular, and the suit is removed to the county or circuit court, after judgment, they ought not to be quashed, because the plantiff declares in Detinue or Trover.

4. The proper course, is to require the plaintiff to file a statement of his cause of action, when any question, as to its sufficiency, or to the jurisdiction of the justice of the peace can be raised on demurrer.

Writ of error to the County Court of Tuscaloosa County.

WILLIAMS sued Hinton before a justice of the peace of Tuscaloosa county, and recovered judgment for fifty dollars. Hinton appealed to the county court; and Williams there filed a statement of his cause of action as follows :—1. For unjustly detaing a mule colt, the property of the plaintiff, of the value of fifty dollars.   2. Because the defendant was indebted to him in the sum of fifty dollars, the value of a mule colt, contracted to be delivered to him ; which contract the defendant failed to perform.

The county court quashed the proceedings, on the motion of the defendant, for the reason that the justice had no jurisdiction of the case presented.

The proceedings before the justice of the peace, do not declare that the action was instituted for any other than a money demand.

Williams assigns for error, that the county court erred in quashing the proeeedings.

PORTER, for the plaintiff in error.
PHELAN, contra.

33

GOLDTHWAITE, J.—The warrant issued by the justice of the peace, calls on the defendant to answer a money demand, and is in the usual form. The other proceedings do not seem to have been irregular, until the case was removed to the county court, where the plaintiff files a statement of his cause of action, the first count of which is in detinue, and the second may be considered as in *assumpsit.*

1. Under the several statutes, regulating the jurisdiction of justices of the peace, these magistrates are permitted, in certain cases, to entertain jurisdiction of suits on contracts, for the delivery of specific articles, and to give judgment for the proper sum in money. (Aikin's Dig. 292.)

2. It is not considered, however, that they have jurisdiction of actions of detinue or trover, even in those cases where the value of the property detained or converted, is less than fifty dollars.

3. 4. The court erred in quashing the proceedings, because it does not appear there was anything disclosed in the warrant, that this suit was instituted for a cause of action not within the jurisdiction of the justice. It is true, the first count in the statement is in detinue; but this did not warrant the course pursued. The court could have required the plaintiff to file a proper statement of his cause of action; or the defendant could have demurred to that which was filed, and thus have prevented any question as to its sufficiency, or as to the jurisdiction of the justice to entertain the suit.

The judgment must be reversed and the cause remanded for further proceedings.