#### ROSE *vs.* THOMPSON.

1. Where a witness, after testifying to a proposition made by him to the defendant at the request of the plaintiff, and the defendant's reply, states that the plaintiff also mentioned his reason for making the proposition and requested him to communicate it to the defendant, which he did not do, this furnishes no sufficient ground for the exclusion of the evidence. If the defendant deems the reason material, it is his duty to elicit it by cross-examination of the witness.

2. On an appeal from a justice of the peace to the Circuit Court, the amount of the recovery before the justice, and not the amount claimed, must be looked to to determine the question of jurisdiction.

3. If the statement or declaration filed in the Circuit Court shows the want of jurisdiction, the defendant should demur. A plea to the merits is a waiver of the objection.

Error to the Circuit Court of Coosa. Tried before the Hon. Geo. D. Shortridge.

THIS case commenced in a justice's court by the defendant against the plaintiff in error, to recover fifty dollars for work

Rose v. Thompson.

and labor done by him as an artist in painting a landscape for the plaintiff. The justice rendered a judgment for fifty dollars and costs against the plaintiff in error, and from that judgment he appealed to the Circuit Court. It appeared by the bill of exceptions that the defendant in error at one time claimed sixty dollars, which the plaintiff in error refused to pay, but offered to pay fifty dollars, which the defendant in error refused to accept. The defendant in error offered to prove by one Taylor that, at the request of the defendant in error, he informed the plaintiff in error, just before the institution of this suit, that he might have the picture, if he would pay the fifty dollars to the witness or leave it at Perse's store, and that the plaintiff in error replied that he had offered to pay the fifty dollars once and should not do so again, but expressed himself perfectly satisfied with the picture. The witness also stated that he did not tell the plaintiff in error all of the message sent—that the defendant in error sent word to the plaintiff in error the reason why he made the proposition, but this the witness did not communicate. To the testimony of this witness the plaintiff in error objected, but the court overruled his objection and allowed the evidence to go to the jury. The ruling of the court in respect to this evidence, together with a charge given and a refusal of charges asked, all of which will be understood by reference to the opinion, are now assigned as error.

N. S. GRAHAM, for the plaintiff.

ELMORE & YANCEY, for the defendant.

CHILTON, J.—The testimony of the witness Taylor was clearly admissible. He proved that the defendant below, when informed of the proposal of the plaintiff to let him have the painting at fifty dollars, to be paid said witness or left at the store of Mr. Perse, replied that he had offered to pay the fifty dollars once, and that he should not do so again, but expressed himself perfectly satisfied with the picture. That the witness did not communicate to the defendant all that Thompson said, when it does not appear that the remaining portion of the message could in any wise affect the legality of the proof, or was even essential in order properly to understand it, cannot in our view justify

a rejection of it. If any part of the proposition, or the reason why it was submitted, was deemed essential as affecting either the competency or sufficiency of the admissions of the defendant below, he could have brought it out on cross-examination, and upon it have predicated his motion to reject the whole proof. As the same is now presented, the only question involved is whether any portion of the proof of Taylor is legal, for the rule is, that being objected to as a whole, if any part of it be proper, the court must overrule the objection, since the judge is not required to cast about to determine and separate the portion which is legal from that which is not.—Donnell v. Jones, 13 Ala. Rep. 505-6, where the several decisions of this court, bearing upon this point, are cited.

2. The defendant by his pleading raised no objection to the jurisdiction of the justice, either before the justice himself or before the Circuit Court; but to the statement or declaration, which contains several counts, each for fifty dollars, he pleaded the general issue. After the evidence, however, was adduced, and the case had gone to the jury, the counsel for the defendant below asked several charges of the court, placing the right to recover upon the want of jurisdiction in the justice, by reason of the demand being for more than fifty dollars. Now it is certainly true that by the constitution and laws of this State, the justice of the peace could not take jurisdiction over sums exceeding fifty dollars, but the appellate court, it is said, must look to the amount recovered before the justice, and not the amount claimed in the court above, as determining the question of jurisdiction.—Cothran et al. v. Weir, 3 Ala. 24. And further, in the case of Bently et al. v. Wright, ib. 607, it was held that where a judgment was rendered before a justice for more than fifty dollars, the defendant could not on motion vacate it in the appellate court, but that the correct practice required that he should be put to his plea in abatement for the want of jurisdiction. If the defendant fails to do this, in the language of the Chief Justice, in the case last cited, " he impliedly admits that he has been brought before the proper court." This is supposed to result from a correct and liberal construction of the act of 1819, (Clay's Dig. 315, § 12,) and we are satisfied to adhere to it. A different construction would allow a party to avail himself of matter in abatement in bar of the action, and instead

of giving his adversary a better writ, as he must do in his plea, would deny to him any remedy.—See also Prewitt et al. v. Stewart, 5 Ala. Rep. 112. If the declaration showed the want of jurisdiction in the justice, the defendant might have demurred, (Williams v. Hinton, 1 Ala. 297); but he has pleaded to the merits, without raising by his plea or demurrer any question as to the jurisdiction, and must therefore be confined to a meritorious defence.

This view embraces the points involved in the charge given and the three charges which the court denied, and shows that the court correctly decided the law. We have not been aided by any argument or brief on the part of the plaintiff in error, but having examined with care the bill of exceptions, discover no other question presented by it.

Judgment affirmed.