## VAUGHAN *vs.* ROBINSON.

1. In appeal cases the defendant may waive all objections to the mode in which he is brought into court, and submit the case, although involving more than fifty dollars, to the decision of the Circuit Court, which, by virtue of its general jurisdiction over the amount, can determine it.

2. And by failing to plead in abatement in the Circuit Court, the want of jurisdiction before the justice, the defendant waives all objection on that ground.

ERROR to the Circuit Court of Lowndes.

Tried before the Hon. Robt. Dougherty.

Vaughan sued Robinson before a justice of the peace, and judgment was rendered for the defendant, from which he appealed to the Circuit Court, and there filed his statement for forty-five dollars, to which Robinson pleaded non assumpsit. The evidence conduced to show that more than fifty dollars was due at the time of trial, and that more than that amount was due when the suit was commenced before the justice, and that no portion of the same had been paid or remitted. The court charged, that if more than fifty dollars was due when the suit was commenced before the justice, and no portion of the same had been paid or remitted, the jury must find for the defendant. The charge of the court is assigned for error.

Cox, for plaintiff in error.

GEO. W. STONE, *contra.*

GOLDTHWAITE, J.—It is certainly true, that the jurisdiction of a justice of the peace in civil cases is limited to amounts not exceeding fifty dollars, and that a judgment rendered by that officer for over that amount, would be *coram non judice,* and void; yet when the case is removed into the Circuit Court, and is there pending, it is competent for the parties to treat it as if originating in that court; and if they do so, a judgment rendered for an amount exceeding fifty dollars, would be held good, by virtue of the general jurisdiction of that court. The defendant can, however, on the appeal, avail himself of the want of jurisdiction in the justice, by bringing it to the notice of the Circuit Court, by plea in

abatement, and if he does not do this, he waives all objection resulting from the mode in which he is brought into that court. This principle was decided in the case of Bentley et al. v. Wright, 3 Ala. Rep. 607, and recognized in Hart v. Turk, 15 Ala. Rep. 675, and Rose v. Thompson, 17 Ala. Rep. 628, and we see no good reason for departing from the rule. The rule admitted, it follows that the court below erred in its charge.

The judgment is reversed and the cause remanded.