## LONG vs. BAKEFIELD.

[APPEAL FROM JUSTICE'S COURT—JURISDICTION, &C.]

1. *Justice of the peace, jurisdiction of, test of.*—The test of the jurisdiction of the justice's court is the amount of the plaintiff's demand in controversy, and not as affected by offsets.

2. *Same; objection to jurisdiction of; how made.*—An objection to the jurisdiction of the justice in respect to the amount in controversy must be taken by demurrer or plea in abatement. The plaintiff can not be non-suited because the proof developes a larger sum due him than he has claimed.

3. *Recovery, amount of; how arrived at where offset is proved.*—Where, on appeal to the circuit court from the justice's court, the proof shows a larger sum due the plaintiff than is claimed in his complaint, and the defendant proves a set-off less than the amount of plaintiff's claim, the measure of recovery is the sum left after deducting the amount of the set-off from the amount claimed, and not from the greater amount proved to be due the plaintiff.

APPEAL from the Circuit Court of Chambers.
Tried before Hon. LITTLEBERRY STRANGE.

This was an action commenced by attachment sued out by the appellee against the appellant before a justice of the peace. The papers sent up in the case by the justice to the circuit court, show that the justice rendered a judgment in favor of the appellee for the sum of sixty-eight 50-100 dollars; but the amount claimed before the justice

no where appears in any of the proceedings had before him. The bill of exceptions reserved in the circuit court commences as follows: "Bakefield *vs.* Long. Circuit Court, Spring term, 1871. Appeal from justice's court. Suit by attachment for $99 00." And this is the only statement in the record showing the amount of the appellee's demand before the justice.

In the circuit court, appellee filed a complaint containing two counts, the first claiming $100 due by account, and the second a like amount for work and labor done, &c.

Long pleaded *non-assumpsit*, payment, and set-off, and the trial was had in the circuit court on issue joined on these pleas.

It appears, from the bill of exceptions, that Long asked for a continuance when the case was called for trial, on the ground of the absence of a witness who would prove a set-off; and the plaintiff then admitted that this witness would "prove" a set-off of $28 50. The plaintiff was then introduced as a witness in his own behalf, and "proved" that at the commencement of the suit defendant was indebted to him in the sum of one hundred and seven dollars for work and labor done, &c.; and this was all the evidence in the case. The defendant then "moved the court to nonsuit the plaintiff, because the evidence showed that plaintiff's claim was, at the commencement of the suit, above a justice's jurisdiction, and no credit had been given to bring the claim within the justice's jurisdiction. This motion the court overruled, and the defendant excepted.

The court, at the request of the plaintiff, charged the jury, to deduct the set-off proved from the sum of $107, and the difference would be the proper measure of damages, &c. To the giving of this charge, defendant also excepted.

The defendant then requested the court to charge the jury, that the plaintiff could not recover more than he sued for, and that $99 00 was all that was claimed at the commencement of the suit, and that the amount left from this sum, after deducting the amount of the set-off, would be

the amount of plaintiff's recovery. The court refused to give this charge, and the defendant excepted.

The defendant appeals, and here assigns for error—

1st. Overruling the motion to non-suit the plaintiff.

2d. The charge given at plaintiff's request.

3d. The refusal to give the charge requested by the defendant.

E. G. RICHARDS, for appellant.

BARNES & DENSON, *contra*.

B. F. SAFFOLD, J.—The test of the jurisdiction of the justice's court in civil cases is the amount in controversy, or the sum claimed.—Const. Art. 6, § 13; Rev. Code, 841. If, on appeal to the circuit court, the defendant would make a question of the jurisdiction in this respect, he must do so by demurrer or plea.—*Vaughan v. Robinson*, 20 Ala. 229; *Rose v. Thompson*, 17 Ala. 628. The plaintiff can not be non-suited, because, after issue joined on the merits, it is developed by the evidence that the amount really due him is beyond the lower jurisdiction. He has claimed only the proper amount, or the defendant is in fault for not having taken the objection at the proper time.

The court erred in instructing the jury to deduct defendant's offset from the amount proved to be due to the plaintiff, without regard to the sum claimed by him, or of which the justice had jurisdiction.—1 Chit. Plead. 339.

While a plaintiff may bring his suit within the cognizance of the justice by voluntarily releasing a portion of his demand, he can not do so by admitting offsets. It is the plaintiff's amount in controversy that determines the jurisdiction, and not as it may be affected by independent demands of the defendant. Such a practice would lead to confusion, and embarrass the right of the defendant to be heard in a higher tribunal.

Excepting the limits of the concurrent jurisdiction of the circuit court and the justice, a case within the jurisdiction of one is without that of the other. Section 2768 of the Revised Code requires the suit to be dismissed from the

circuit court, when the sum recovered is less than the jurisdiction, unless it is reduced to that amount by an offset successfully made.

The judgment is reversed, and the cause remanded.