# The City of Selma *v.* Stewart.

### *Action for Violation of Municipal Ordinance.*

1. *Action for violation of municipal ordinance of city of Selma ; how tried on appeal.*—On appeal to the City Court of Selma, from a judgment of conviction rendered by the Mayor of the city, for a violation of a municipal ordinance, the case is, under the provisions of the city charter, to be tried *de novo*, as in cases of appeals from the judgments of justices of the peace in civil cases, and a motion to quash the proceedings before the mayor, for any defect except a want of jurisdiction, apparent on their face, can not be made for the first time in the City Court.

2. *Proper practice in such cases.*—The proper practice in such cases, to preserve the constitutional right of the defendant to demand the nature and cause of the accusation against him, is to require the plaintiff to file a statement of the case, and all questions as to its legal sufficiency, or as to the jurisdiction, can be raised by demurrer.

3. *Statement ; error to disregard.*—When such a statement is filed, before the trial, it is error to disregard it, and quash the proceedings for defects not raised in the municipal court.

4. *Costs ; municipal corporations not liable for in prosecutions.*—Municipal corporations are not, in any event, liable for costs incurred in prosecutions for the punishment of offenders against their ordinances.

APPEAL from Selma City Court.

Tried before Hon. JOHN HARRALSON.

On November 29, 1876, an affidavit was made before N. Woodruff, mayor of the city of Selma, charging "that the offense of obstructing the sidewalks of said city had been committed, and accusing H. H. Stewart & Co. of the offense." The warrant of arrest was issued against H. H. Stewart & Co. H. H. Stewart was arrested, tried and fined, and thereupon, carried the case, by appeal, into the City Court under § 62 of the charter, which is set out in the opinion of the court. On January 17th, 1877, H. H. Stewart filed a motion in the City Court to quash the proceedings, the complaint, warrant of arrest, &c., before the mayor. The grounds of the motion were, that H. H. Stewart *& Co.* were charged with the offense named ; that no individual was accused of such offense ; that defendant's name was not H. H. Stewart *& Co.* ; that it did not appear in said proceeding what sidewalks were obstructed, nor that it was any offense to obstruct them ; that the warrant which ordered the arrest of H. H. Stewart *& Co.*, was void for uncertainty, and for want of jurisdiction. On January 20, 1877, a complaint was filed by the city of Selma, averring that the defendant "did pile or place goods, &c., on the sidewalks;" (describing the location),

in violation of the following ordinance of said city, (which is then set out in full). On January 22, the City Court sustained the motion to quash the proceedings, dismissed the complaint, discharged the defendant, and taxed the costs against the city of Selma. The errors assigned are, "in sustaining the motion to quash the proceedings, in dismissing the complaint, and in taxing the city with the costs."

SUMTER LEA, for appellant.—The court erred in quashing the proceedings before the mayor. The proceedings in the City Court were governed by the provisions of the law applicable to appeals from the judgments of justices of the peace in civil cases.—Charter of the city of Selma, § 62 ; Code, 1876, § 3121 ; *Gannway v. Mayor of Mobile*, 21 Ala. 577. The judgment against H. H. Stewart was valid.—2 Br. Dig. 161, § 52 ; *Snow & Co. v. Ray*, 2 Ala. 344 ; *Ortez v. Jewett*, 23 Ala. 662 ; see especially *Couch v. Atkinson*, 32 Ala. 633. The court had no authority to render a judgment for costs against the city of Selma.—*City Council of Montgomery v. Foster*, 54 Ala. 62.

BROOKS & ROY, for appellee.—The proceedings in this case before the mayor, acting as a justice of the peace, were *quasi* criminal.—36 Ala. 262 ; 23 Ala. 222. The rules applicable to pleadings on indictments for misdemeanors are applicable in such cases.—23 Ala. 724 ; 3 Pick. 461. And no intendments are indulged in favor of such an indictment.—1 Brick. Dig. 498, § 720. The ordinance charged to have been violated must be set out in the complaint and its breach averred with certainty.—30 Ala. 539. The ordinance must be set out in the proceeding before the mayor, for the accused has a right to a copy of the accusation against him —Const. Ala. Bill of Rights, § 7 ; 11 Wend. 199 ; 44 N. H. 284 ; 5 Cowan, 462. The charter makes the City Court one of appellate jurisdiction, and it is necessary, therefore, to set out the ordinance violated, so that in case of an affirmance, which is also provided for if the defendant does not appear, the court may see whether there is a proper judgment to affirm. It was not necessary to make the objection to the proceedings before the mayor in the municipal court.—20 Ala. 299. If it is held that the case is to be tried *de novo*, that does not affect the judgment in this case, for the trial must be had between the same parties, and the integrity of the case preserved.—9 Ala. 127 ; 31 Ala. 252. This case could only reach the City Court by appeal, and no new case can be made there on appeal. The charter, § 62, only applies to the mode of getting the case into the City Court, and does not refer to

the course of the proceedings after it gets before that tribunal, for to hold that they are civil cases would render any judgment punishing a violation by imprisonment entirely nugatory. The complaint which appears in the record was filed after the motion to quash was made, and without leave, and it was not an error to disregard it, or if error, was certainly " without injury."·

SOMERVILLE, J.—This is a prosecution originating before the mayor of the city of Selma, acting *ex-officio*, as a justice of the peace, in which the appellee was convicted of " the offense of obstructing the sidewalks," in alleged violation of a municipal ordinance.

An appeal was taken from the judgment of the mayor to the Selma City Court, as specially authorized by the charter incorporating the city.—Session Acts, 1874-75, p. 380, § 62.

This section (§ 62) provides that " the proceedings on such appeal, when the bond is approved by the mayor or councilmen, shall be as prescribed by law in case of appeal from the judgment of a justice of the peace in *civil cases*," except as otherwise required in the charter.

Section 3121 of the Code (1876), prescribes that " all such cases must be tried according to equity and justice, without regard to any defect in the summons, or other process before the justice." This being the case, the trial in the City Court was required to be had *de novo*, on the merits of the case. A motion to quash the proceedings for any mere defect, other than a want of jurisdiction apparent on the face of them, could not be made for the first time in the City Court, and it does not appear that any such motion was made in the trial before the mayor.—*Slaton v. Apperson*, 15 Ala. 721 ; *Catterlin v. Spinks*, 16 Ala. 467 ; *McCrary v. Smith*, 1 Ala. 157.

The proper practice, in appeals of this character, has been indicated in *Williams v. Hunter*, 1 Ala. 297. It is to *require* the plaintiff to file a statement of the case, and thereupon to raise any question as to its legal sufficiency, or the jurisdiction of the justice, by *demurrer*. This preserves, in its full integrity, to the accused, the constitutional right guaranteed to him by § 7, of Art. 1, of the Const., " to *demand* the nature and cause of the accusation" against him " in *all* criminal prosecutions:"

This statement is shown to have been filed, and sets out, *in hæc verba*, the ordinance of the city alleged to have been violated, but it appears not to have been acted on by the court, or demurred to by the defendant, so far as disclosed by the record. It was error in the court, therefore, to sustain appellee's motion to quash.

[Stocks v. Young.]

The City Court also erred in taxing the costs of the proceeding against the appellant. It has been repeatedly held, that, in prosecutions of this kind, instituted by municipal corporations for the punishment of offenders against city ordinances, such municipalities are not liable for costs in any event.—*Town of Camden v. Block*, Dec. T. 1880; *City Council of Montgomery v. Foster*, 54 Ala. 62.

The judgment is reversed, and the cause remanded.