147 So. 131

### THORPE v. STEADMAN.
### 8 Div. 481.

Supreme Court of Alabama.
March 23, 1933.

See, also, 224 Ala. 290, 140 So. 432.

R. L. Polk, of Sheffield, for appellant.
Thos. C. Pettus, of Moulton, for appellee.

338

ANDERSON, Chief Justice.

This record comes here upon a certificate of the probate judge and with the written consent of counsel as provided by section 6090 of the Code of 1923.

Pretermitting the constitutionality of this statute, and without attempting to construe or interpret same, except as applicable to the matter in hand, it is sufficient to say that the certificate and record do not disclose a case to which said statute is applicable. The statute says that the judge, "if the parties litigant assent thereto, may certify any question or questions of law arising in any case or proceeding whatever tried and *finally determined* before him * * * or the parties in the case or proceeding may agree as to the question or points of law arising therein, and the same may be certified by the counsel or attorneys of the respective parties, who shall sign their names thereto, and, upon such certificate being made, the same shall be filed in the court rendering the decision, and a copy of such certificate, certified by the clerk of said court, with the decision thereon and *final decision* in the case or proceedings to the court of appeals or supreme court, and like proceedings may be had in the court of appeals or supreme court, as if a full and complete record had been transcribed and certified to said court." (Italics supplied.)

It is manifest that, before the question or questions can be properly certified, there must be a final decision of the cause. In other words, the purpose of the statute is to review questions of law after there has been a final judgment or decree by an abridged record and not to authorize inquiries to the appellate courts pending the proceedings and before final judgment. The record in this case fails to show a final judgment or decree by the probate court, but it affirmatively appears that there is none.

The certificate is dismissed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.