**PHILLIPS v. ANDERSON, Clerk of Inferior Court.**

5 Div. 206.

Supreme Court of Alabama.

May 9, 1935.

E. B. Parker, of Roanoke, for appellant.

D. R. Boyd, of Roanoke, for appellee.

Paul J. Hooton, of Roanoke, amicus curiæ.

BROWN, Justice.

The appellant filed a petition in the circuit court of Randolph county praying for the issuance of a writ of mandamus to J. F. Anderson, as clerk of the inferior court of Randolph county, as recited in the judgment of the circuit court, "commanding him to file complaint and issue process in a certain suit wherein the said Thomas Phillips is plaintiff and one Jesse George is defendant."

Said judgment further recites:

"The only question in this cause is whether or not a certain Act of the Legislature of Alabama, known as Local Act No. 18, being House Bill No. 63, approved February 5th, 1935, and by the terms thereof effective on said February 5th, 1935, is constitutional. If said Act is unconstitutional, petitioner Phillips is entitled to the writ for which he prays. If said Act is constitutional, he is not entitled to said writ.

"All parties are before the Court, the cause has been duly submitted and argued.

"Upon consideration the Court is of the opinion that said Act is constitutional.

"It is therefore ordered and decreed that the said petition be and is dismissed, and the costs of this proceeding are taxed against petitioner."

From that judgment this appeal is prosecuted. The judgment of the court is the only part of the record incorporated in the transcript; all the pleadings being omitted.

In lieu of the pleadings in the case, the parties have incorporated in the transcript what the certificate of the clerk designates as a "full and exact copy of the certificate of E. B. Parker and D. R. Boyd, attorneys of record for Thomas Phillips and J. F. Anderson, respectively, certifying to the Supreme Court the questions or points of law arising in that certain proceeding in the Circuit Court of Randolph County, Alabama, wherein Thomas Phillips is Petitioner and J. F. Anderson is defendant." This certificate of counsel appears in the reporter's statement.

The judgment of the circuit court was rendered on March 18, 1935, and the certificate of the attorneys appears to have been made and filed in the case on March 21, 1935.

The appellant cites and relies on the provisions of section 6090 of the Code of 1923, to sustain this course of procedure. That section, in so far as here material, provides that: "The parties in the case or proceeding may agree as to the question or points of law arising therein, and the same may be certified by the counsel or attorneys of the respective parties, who shall sign their names thereto, and, upon such certificate being made, the same shall be filed in the court rendering the decision, and a copy of such certificate, certified by the clerk of said court, *with the decision thereon* and final decision in the case or proceedings to the court of appeals or supreme court, and like proceedings may be had in the court of appeals or supreme court, as if a full and complete record had been transcribed and certified to said court." (Italics supplied.)

We are of opinion that the agreement as to the question of law authorized to be made and certified by counsel for the parties must precede the decision of the trial court and constitute the case presented to and considered by that court. This seems to be the legislative intent as gathered from this section and the related sections, and especially this language: " * * * Upon such certificate being made, the same shall be filed in the court rendering the decision, and a copy of such certificate, certified by the clerk of said court, *with the decision thereon* and final decision in the case or proceedings," etc. (Italics supplied.)

To construe the statute otherwise, questions of law could be presented by agreement of the parties wholly different from the question presented to and decided by the trial court, and this would render the statute violative of section 140 of the Constitution of 1901, which provides: "Except in cases otherwise directed in this constitution, the supreme court shall have appellate jurisdiction

only." Section 6090, Code; section 140, Constitution 1901.

█ Statutes of this class are strictly construed and their requirements must be strictly observed. 60 C. J. 678, § 2.

The record does not show reversible error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.