18 So.2d 688

**BLAIR et al. v. GREENE.**

**3 Div. 410.**

Supreme Court of Alabama.

May 25, 1944.

Rehearing Granted June 22, 1944.

Sadler & Sadler, of Birmingham, and Fred S. Ball, Jr., of Montgomery, for appellants.

Steiner, Crum & Weil and Thos. B. Hill, Jr., and Wm. Inge Hill, all of Montgomery, for appellee.

Ernest B. Fite, of Hamilton, and A. Leo Oberdorfer, Frontis H. Moore, Benners, Burr, Stokely & McKamy, Geo. P. Bondurant, R. DuPont Thompson, S. M. Bronaugh, Bradley, Baldwin, All & White, James A. Simpson, and Cabaniss & Johnston, all of Birmingham, amici curie.

LIVINGSTON, Justice.

The appeal is from a verdict and judgment for the plaintiff in a suit brought under the Homicide Act, Section 314, Title 14, Code of 1940, by Brownie Brunell Greene, as administratrix of the estate of Claris Fred Greene, deceased, against Algernon Blair and F. G. Charlton, Sr.

The cause was submitted here on the merits and appellee's motion to strike from the record or transcript in said cause the document or statement purporting to be a transcription by the court reporter of his stenographic notes of the testimony and proceedings on the trial of said cause, and the document or paper therein, purporting to be a bill of exceptions.

The motion to strike the transcription by the court reporter of his stenographic notes is grounded upon the fact that it has not been in any wise approved, allowed or authenticated by the trial judge, as required by section 4 of the Act of the Legislature of 1943, page 423, Code 1940, Tit. 7, § 827(4). And the motion to strike the purported bill of exceptions is grounded upon the fact that the bills of exceptions were abolished by the Act of the Legislature of 1943, page 423, Code 1940, Tit. 7, § 827(1) et seq.

In the case of Spurlock v. Knight, 18 So.2d 685, we held that section 4 of the legislative act, supra, requires that the transcription by the court reporter of his stenographic notes of the testimony and proceedings in the trial must be approved by the trial judge and filed with the clerk within ninety days after date of trial or date of trial court's ruling on motion for new trial. It was also ruled in that case that the Act of the Legislature of 1943, page 423, did not violate section 45 of the Constitution of Alabama of 1901. No constitutional question is raised in the instant case. The legislative act referred to abolished bills of exceptions in this jurisdiction. It necessarily follows that the motion to strike both papers or documents must be, and is, sustained.

We are not unmindful of appellant's insistence that the purported bill of exceptions should be taken and considered by this Court as a compliance with Section 3 of the Act involved. But section 3 has no field of operation unless the court reporter be deceased or for other good reason cannot transcribe the evidence in accordance with the provisions of section 1 of this Act.

The only assignments of error insisted upon in appellant's brief relate to the court's oral charge, written charges refused to the defendants, and motion for new trial. Obviously, such matters cannot be here reviewed in the absence of a

compliance with the Act of the Legislature of 1943, page 423.

The cause is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS, FOSTER, and STAKELY, JJ., concur.

## On Rehearing.

GARDNER, Chief Justice.

Upon original consideration of this cause we gave to Section 4 of the act abolishing bills of exceptions a rather literal interpretation, Code 1940, Tit. 7, § 827(4). The holding was that the transcript of evidence, duly certified by the reporter and filed with the clerk, was also required to be approved by the trial judge whether or not there was any question raised as to its correctness. Upon reconsideration we are persuaded this was too narrow an interpretation of the act.

Of course, the rule is well recognized that in the construction of a statute, the legislative intent is to be determined from a consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found. The intent so deduced from the whole will prevail over that of a particular part considered separately. This is, in effect, the statement as found in 59 C. J. p. 993, and recognized as the correct principle by numerous decisions of this Court. Among these authorities we may note: Board of Education v. State, 239 Ala. 276, 194 So. 881; Henry v. McCormack Bros. Motor Car Co., 232 Ala. 196, 167 So. 256; State ex rel. City of Birmingham v. Board of Revenue, 201 Ala. 568, 78 So. 964.

Prior to the passage of the act here in question the preparation of a bill of exceptions was, of course, under supervision of the attorney prosecuting the appeal. It was in narrative form, Circuit Court Rule 32, Title 7, Appendix p. 1032, Code of 1940, and the bill of exceptions which purported to be only a stenographic report of the trial below was considered in violation of this rule and subject to be stricken. Gassenheimer Paper Co. v. Marietta Paper Co., 127 Ala. 183, 28 So. 564.

We think it is reasonable to assume the passage of this act (General Acts 1943, p. 423, Title 7, § 827(1), et seq., Cumulative Pocket Part, Code of 1940) was sponsored by the members of the legal profession in the Legislature. Both the title and the body of the act clearly disclose the definite intent to do away with bills of exceptions and to provide for the evidence to be transcribed and made a part of the record. The authorities to be found in the notes to Rule 75 of the Federal Practice, 28 U.S.C.A. following section 723c, 19 Hughes' Federal Practice, p. 89, disclose conflicting views prevailing among the members of the Bar, as well as a considerable number of the courts and commentators, as to the advisability of the narrative form of testimony in contrast with the question and answer form. Many of these authorities are to be found on pages 97–99, 19 Hughes' Federal Practice. The proper presentation of a case, therefore, on appeal has become one of more or less frequent discussion.

Of course, the history of legislation of this character is to be considered in giving proper interpretation to the act. We find that in the first section of the act, bills of exceptions are abolished and a transcription of the evidence substituted therefor. The reporter is to transcribe the evidence, including objections, oral motions, and rulings of the court, certify to it, and file it with the clerk. The evidence so transcribed and certified and filed shall be a part of the record, and assignments of error may be made as though the transcript constituted a bill of exceptions. This section concludes, however, with the provision for a hearing before the judge should either party question the correctness of the transcribed testimony; whereupon the trial judge shall hear the parties and make such corrections and additions as he may think proper. Of course, this latter clause contemplates that the judge making such corrections and additions to the certified transcription of the evidence shall designate his approval after such correction.

In section 3 there is provision for a succinct statement of the evidence in the event, for any reason, it cannot be transcribed as set forth in Section 1; that is, as for instance when the court reporter has died or for some other reason cannot transcribe the evidence. If objection be made to the statement of the evidence as presented by the party taking the appeal, the trial judge shall hear such objection and make corrections and additions as he may think proper, and then approve the same as a transcript of the evidence. In the contingency mentioned the approval of

the trial judge is essential, as indicated in the concluding sentence as follows: "Such statement, when approved by the trial judge, shall be a part of the record and assignments of error may be based upon any rulings shown in it."

Section 4 reads as follows: "The transcript of evidence or statement in lieu thereof shall be approved by the trial judge and filed with the clerk within ninety days after date of trial or date of trial court's ruling on motion for new trial." Our original opinion, as we have indicated, gave to this section a literal meaning, and as applicable to the transcript of evidence whether objection was interposed thereto or not. True enough, the language used in this section is subject to such construction, for it is broad and unqualified. Nevertheless, we are persuaded that to give it so literal and yet so all-inclusive a construction would be out of harmony with the specific language of Section 1 of the act, which expressly provides that the evidence so transcribed and certified and filed shall be a *part of the record, and assignments of error based thereon as though the transcript constituted a bill of exceptions.* We have referred to the concluding sentence of Section 1, which provides for the approval of the trial judge after a hearing, upon request, if the correctness of the transcribed evidence is questioned.

Looking, therefore, at the act from its four corners, and considering its history, we are persuaded that it was the legislative intent to make the certified transcript of the evidence, when *unquestioned,* the record for consideration of the Court on appeal; and that the approval of the trial judge was not necessary in such event. His approval is necessary *only* when the correctness of the transcribed evidence is brought into question, or when a succinct statement of the evidence is presented in the contingency provided for in Section 3.

Section 4, therefore, is to be construed as fixing the time within which these matters shall be done, and to provide for the approval of the trial judge in the event of a contest as to the correctness of the transcribed evidence or the succinct statement in the contingency provided for in Section 3. Such construction harmonizes all the provisions of the act, and we are persuaded carries out the legislative intent.

We are further persuaded that a "transcript of the evidence," as used in this act, means a copy thereof. Such is the commonly understood meaning of the word "transcript." 3 Am.Jur. p. 250; 63 C.J. p. 775; 42 Words and Phrases, Perm. Ed., p. 286; Harrison v. Southern Porcelain Manufacturing Co., 10 S.C. 278.

We may add that if the transcription filed by the reporter should be in narrative form rather than that of question and answer, and no objection interposed thereto before the trial judge, the requirement as to question and answer form will be considered waived.

In the instant case there is a transcript of the evidence in question and answer form, duly certified by the court reporter. In the view which we now entertain, there having been no question as to its correctness, the approval of the trial judge was unnecessary. Counsel for appellant argues that, in abundance of caution he prepared and had signed a bill of exceptions in narrative form, which was duly approved, and that even if the approval of the judge was necessary, this should serve as a substantial compliance with the act. But the view which we here entertain, as above expressed, concludes the matter without a consideration of this argument.

In the instant case, as above indicated, the reporter promptly transcribed the evidence; that is, in question and answer form, and duly filed the same with the clerk with his certificate as to its correctness. No question has been raised that the transcribed evidence was in any manner incorrect, and of consequence, no hearing had before the judge as provided in the concluding sentence of Section 1. Under the construction we have given the act, therefore, the approval of the trial judge being unnecessary, the case is properly here presented for consideration upon its merits, and no necessity arises for further discussion of the terms of the act.

We adhere to the original view that the act is not violative of Section 45 of our Constitution, or any other constitutional provision called to our attention.

It results, therefore, that the motion to strike was improperly sustained, and that the rehearing should be granted, the motion to strike be overruled, with the consequent setting aside of the judgment of affirmance. The cause, therefore, is due to be considered upon its merits.

Rehearing granted.

All the Justices concur, except LIVINGSTON, J., who dissents.