21 So.2d 268

## CHANEY v. CITY OF BIRMINGHAM.
### 6 Div. 121.

Court of Appeals of Alabama.
Nov. 28, 1944.

Rehearing Denied Jan. 9, 1945.

Wm. Conway, of Birmingham, for appellant.

Ralph E. Parker, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

The important and controlling questions (two in number), involved in this case, and properly presented, are dealt with according to the views of the writer, as follows:

This appeal is from a judgment of conviction against appellant in the circuit court of Jefferson County on complaint filed in said circuit court by the City of Birmingham in a case pending in said circuit court on appeal from the Recorder's Court, wherein said City was the plaintiff and appellant, Jim Chaney, was defendant.

It is shown by the record proper that the judgment appealed from was pronounced and entered on the 16th day of February, 1944, and that the appeal was taken and perfected on the 23rd day of February, 1944, when the appeal bond was approved and filed.

These facts are referred to for the reason that by an Act of the Legislature of Alabama, approved July 12, 1943, Bills of Exceptions were abolished, which act, by Section 6 thereof, became effective on September 1, 1943. Gen.Acts Alabama Regular Session 1943, p. 423, Code 1940, Tit. 7, § 827(1) et seq. Blair v. Greene, Adm'x, 246 Ala. 28, 18 So.2d 688.

A bill of exceptions is incorporated in the transcript before us and there are 8 assignments of error upon this record; Nos. 1 to 8, respectively. Assignments of error 2, 2 "A," 3, 4, 5, 6, 7 and 8 are based upon, and are dependent upon, said bill of exceptions. Said last numbered assignments of error being based upon a bill of exceptions which had been abolished by law before the trial of this case in the court below, present no question that this court may properly consider.

Assignment of error No. 1, presents for our consideration the judgment of the trial court upon the demurrers filed by the defendant to the complaint. This assignment of error being based upon the record proper correctly presents for our consideration and determination the error complained of in assignment of error No. 1, which is as follows: "For that the court erred in overruling the demurrers filed by appellant to the complaint filed by the appellee."

The complaint charged the defendant with the violation of Ordinance 258 F. of the City of Birmingham, designated as the lottery law of the City. The defendant demurred to said complaint upon nineteen separate and several grounds. Ground 5 is as follows: "Said complaint is not based on affidavit, sworn complaint, or warrant as required by law."

The 6th ground of said demurrer is as follows: "For that the City seeks to place defendant on trial upon the mere statement of the City attorney, unsupported by affidavit, warrant, or other legal process."

If any affidavit, or sworn complaint was ever filed either in the Recorder's Court, where said prosecution was begun, or in

the circuit court to which said prosecution was carried on appeal, the same does not appear in the record before us.

Section 5725 Birmingham Code 1930, provides that when a person is arrested with or without a warrant for violation of any city ordinance or law, it is the duty of the arresting officer to forthwith carry such person before the Recorder's Court, or to deliver him to the city warden to be carried before said court by him, to be dealt with according to law.

Upon this appeal it is contended by the City of Birmingham, insofar as the question now being considered is concerned, that the insistence of the appellant that the complaint was not sworn to, or that the same was not based upon a sufficient affidavit, is without merit. It is urged that the right to have a sworn complaint or warrant may be waived and is so waived if not applied for.

This insistence upon the part of the appellee is founded upon the pronouncements of both our Supreme Court and this court in the cases of Borok v. City of Birmingham, 191 Ala. 75, 67 So. 389, Ann.Cas. 1916C, 1061, and cases there cited; and in Clark v. City of Uniontown, 4 Ala.App. 264, 58 So. 725, and the cases therein referred to. Under the recited facts of those cases the rule declared is undoubtedly correct, but a different question is here presented for the reason that this record does not affirmatively show, nor does it show by necessary inference, that the defendant waived his right to a sworn complaint in the Recorder's Court, or that he otherwise precluded himself from demanding a sworn complaint, or affidavit upon which a complaint might be legally predicated, upon the trial de novo on appeal to the circuit court.

There should have been filed in the court below a transcript of the record of the Recorder's Court and it was necessary for that transcript to show everything necessary to constitute a legal conviction. It was necessary for it to show the affidavit and warrant, or other legal process, upon which the prosecution was commenced; a valid arrest, and that the defendant had an opportunity of being heard and that the judgment of the Recorder's Court was duly entered. 43 C.J. p. 481, § 711.

The only information this court has as to the proceeding in the Recorder's Court against the appellant, is contained in the recital of the appeal bond, set out in the record before us. The appeal bond recites that "the above bounden principal, Jim Chaney, was tried and convicted on the charge of count 1, violating lottery law. Count 2, Ord. 258 F. Sec. 5053–CC. Count 3 * * *."

In the case of the Town of Camden v. Bloch, 65 Ala. 236, 240, our Supreme Court said:

"The omission of the affidavit and warrant from the record under which Bloch, the appellee, was arrested and tried before the intendant, was a defect, for which a motion to quash would properly lie. The record could not be aided or supplemented by extrinsic parol evidence."

If the defendant was arrested without a warrant by some policeman, or other arresting officer of the City of Birmingham, surely he had the right when the case came on to be tried in the Recorder's Court to demand the nature and cause of the accusation, and the transcript should have so shown, or that he waived the right of a complaint, or accusation, by simply pleading not guilty to whatever charge was docketed against him in the Recorder's Court and that he had the opportunity of being heard in that court.

In the case of Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406, 407, our Supreme Court, dealing with an analogous question to the one before us on this appeal said:

"But when an appeal is allowed by statute from the judgment of an inferior court to a superior court, where the case is to be tried de novo, a different situation is presented. A trial de novo means a new trial 'as if no trial had ever been had, and just as if it had originated in the circuit court.' "

The Supreme Court in said case, supra, further cited with approval the case of Kraker v. Superior Court. etc., 15 Cal.App. 651, 115 P. 663, and quoted therefrom the following:

"When an appeal from the judgment of a justice's court is taken and duly perfected, by a defendant, upon both questions of law and fact, the case is removed to the superior court for a trial de novo, and the superior court must try the case as if there had been no trial in the justice's court. In such case, the appeal being fully perfected, the plaintiff is the actor in the superior as he was in the justice's court, and it is his duty to bring the case on for trial, and no duty in that respect devolves upon the defendant, although he is the appealing party."

In the case of City of Selma v. Stewart, 67 Ala. 338, our Supreme Court declared that the proceedings in a Mayor's Court could not be summarily disposed of for any mere defect, other than a want of jurisdiction apparent on the face of them, when made for the first time in the city court, to which the appeal was taken. In that case, said the court:

"The proper practice, in appeals of this character, has been indicated in Williams v. Hinton, 1 Ala. 297. It is to require the plaintiff to file a statement of the case, and thereupon to raise any question as to its legal sufficiency, or the jurisdiction of the justice, by demurrer. This preserves, in its full integrity, to the accused, the constitutional right guaranteed to him by § 7, of Art. 1, of the Const., 'to demand the nature and cause of the accusation' against him 'in all criminal prosecutions.' "

In the case of Horn v. State, 22 Ala. App. 459, 117 So. 283, 284, this court, dealing with a question similar in character to the one presented on this appeal, said:

"A defendant has a constitutional right to demand the nature and cause of the accusation against him, and this complaint of the solicitor is the method provided by the Legislature to meet this demand. Its function is to inform the defendant with what he is charged and is the accusation he is called to defend. Nonetheless, this complaint must have for its basis a valid foundation and must rest upon a charge supported by affidavit as required by law. Miles v. State, 94 Ala. 106, 11 So. 403."

The case of Grissett v. City of Birmingham, 28 Ala.App. 138, 181 So. 302, is not in conflict with what we have hereinabove said. In the Grissett case the docket entries are all copied into the opinion as well as the judgments of the Recorder's Court, and what was said in paragraph 2 of the Grissett case can have no application here for the reason that there are no docket entries from the Recorder's Court set out in the record in the case at bar.

Upon what proceedings in said Recorder's Court the appellant was there tried and convicted, this record does not show. Whether or not he demanded the nature and cause of the accusation against him, a right secured by the Constitution, Art. 1, Sec. 6, is likewise not shown by this record.

Under our interpretation of the rule declared by our Supreme Court in the case of Thompson v. City of Birmingham, supra, the duty was on the complaining municipality to have a duly certified transcript of all proceedings in the Recorder's Court filed in the circuit court of Jefferson County, Alabama, on the appeal, and no duty in that respect devolved upon the defendant, although he was the appealing party. In any event the trial in the circuit court of Jefferson County was de novo, just as though no previous trial had been had. With, or without, the demand of appellant, Jim Chaney, the City of Birmingham, acting by its attorney, filed an unverified complaint against the defendant in the circuit court. We held in the case of Horn v. State, supra, that the complaint there considered had to be based upon a sufficient affidavit. The complaint filed in this case does not comply with that rule, and grounds 5 and 6 of the demurrer point out this infirmity. The trial court overruled that demurrer and in so doing committed error for which the judgment appealed from should be reversed and the cause remanded.

In the conference, or consultation, of this court, we were unable to reach an unanimous opinion, and as hereinafter stated, certified these two questions to the Supreme Court under provisions of Code of Alabama 1940, Title 13, Section 88. The Supreme Court made and transmitted the following response to the certified questions:

"Response to Questions Certified by the Court of Appeals:

"The Court of Appeals under the provisions of Section 88, Title 13, Code 1940, has certified for our answer the following two questions: First, whether in view of the Act (Code 1940, Title 7, Section 827(1) et seq.) abolishing bills of exceptions, the reviewing court on appeal is warranted in refusing to consider a bill of exceptions when no objection to the form of the evidence as therein presented has been taken by the parties or counsel. Second, whether in order to invoke the jurisdiction of the next higher court on appeal from a recorder's court in a prosecution for violation of a municipal ordinance, the transcript must affirmatively disclose the affidavit upon which the accused was first tried in the subordinate tribunal.

"The first question is due an affirmative answer and the second is responded to in the negative. We discuss them in order.

"First. The above cited act by precise and specific language recites that 'Bills of exceptions * * * are hereby abolished.'

**8**

Such a document is now non-existent. It is a nullity, an absolutely void thing. Peabody v. State, Ala.App., 18 So.2d 691,[1] certiorari denied Ala.Sup., 18 So.2d 693;[2] Spurlock v. J. T. Knight, Ala.Sup., 18 So. 2d 685.[3] Being so, it can serve no appropriate office on appeal, regardless of whether or not its legal efficacy is challenged by seasonable objection.

"Our recent case of Blair v. Greene, Ala. Sup., 18 So.2d 688,[4] tended to obviate some of the obfuscity surrounding the act. It was there decided that 'if the transcription filed by the reporter should be in narrative form rather than that of question and answer, and no objection interposed thereto before the trial judge, the requirement as to question and answer form will be considered waived.' At page 691 of 18 So.2d. The case now before us, however, presents no such situation, inasmuch as no transcription of the evidence was duly certified and filed by the court reporter.

■ "This ruling, however, does not intend to impair the holding that the parties may submit an agreement on appeal, so as to invoke a review of the rulings pending trial, as was discussed in Grand United Order of Eagles v. Workman, 218 Ala. 37, 117 So. 659, and as provided in Section 745, Title 7, Code 1940. See also Thorpe v. Steadman, 226 Ala. 337, 147 So. 131. (In this connection it should be further noted that this court's refusal for a review in Phillips v. Anderson, 230 Ala. 369, 161 So. 477, was because the judgment was the only part of the trial-court record embraced in the transcript, all the pleadings being omitted and said transcript failing to disclose that the question on appeal was properly submitted to and acted upon by the trial court.)

■■ "It is noticed that this appeal is from Jefferson County and the question occurs as to the current contention that the act is not applicable to Jefferson County because perhaps the civil division of the circuit court thereof has no 'full time court reporter.' It is enough to say that the act also embraces Jefferson County. The language of Section 827(1), referring to courts 'having a full time court reporter,' only modifies 'all other courts of record' and also applies to such courts, as well as to circuit courts and courts of like jurisdiction. Hence a proper interpretation of this phase of the act is that bills of exceptions in the trial of cases at law are abolished in all the circuit courts, in courts of like jurisdiction, and in all other courts of record having 'a full time court reporter from which appeals lie directly to the Court of Appeals or the Supreme Court of Alabama.

■ "Second. On appeal from a prosecution in a recorder's court for violation of a municipal ordinance, the record need not disclose the affidavit upon which accused was tried in the inferior court. A written complaint, duly filed by the city attorney, suffices to apprise the accused of the nature and character of the action against him.

■ "While one on trial in a recorder's court for the violation of a municipal ordinance is entitled to be apprised of the nature and cause of the prosecution against him by a written complaint (Mayor, etc., of City of Birmingham v. O'Hearn, 149 Ala. 307, 42 So. 836, 13 Ann.Cas. 1131; McKinstry v. City of Tuscaloosa, 172 Ala. 344, 347, 54 So. 629), that an accused was arrested and tried in such court without a written complaint (affidavit) does not render the judgment there entered void for want of jurisdiction. Brooke v. State, 155 Ala. 78, 46 So. 491; Sherrod v. State, 197 Ala. 286, 72 So. 540. This for the reason that he may waive the right. 43 C.J. 459.

■ "If the defendant proceed to trial in such court without demanding such complaint he is held to have waived the right and, later on appeal, he cannot for the first time avail of it. Aderhold v. City of Anniston, 99 Ala. 521, 12 So. 472; McKinstry Case, supra; Sherrod Case, supra; Clark v. City of Uniontown, 4 Ala.App. 264, 58 So. 725; Wofford Oil Co. v. City of Russellville, 20 Ala.App. 14, 100 So. 304; Worthington v. City of Jasper, 197 Ala. 589, 73 So. 116; Arzumanian v. City of Birmingham, 165 Ala. 374, 51 So. 645.

■ "In order to abate the proceedings in the appellate court because of the lack of an affidavit before the recorder the transcript must affirmatively show that objection to trial without one was seasonably interposed when accused was arraigned and tried in the recorder's court. No defect in the proceedings, other than want of jurisdiction apparent on the face of them, will subject the cause to dismissal on appeal. To authorize dismissal of the proceedings in the appellate court it must af-

---

[1] 31 Ala.App. 448.  [2] 246 Ala. 32.  [3] 246 Ala. 33.  [4] 246 Ala. 28.

tirmatively appear that the judgment of the lower court was void for lack of jurisdiction. City of Selma v. Stewart, 67 Ala. 338, 340; Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571; 43 C.J. pp. 481, 484, §§ 711, 721."

Therefore, unless the transcript on appeal does show a violation of this right to be tried on a proper written complaint it is regarded as having been waived and the objection is unavailing in the court to which the appeal proceeded. Oldham v. Town of Rogersville, 26 Ala.App. 372, 160 So. 272; McKinstry and Stewart Cases, supra.

 Trial on appeal from a recorder's court is de novo and the entire transcript from the lower court need not be sent up. Bouyer v. City of Bessemer, 17 Ala.App. 665, 88 So. 192. It is held that the jurisdictional recitals of the appeal bond suffice to give the court to which the appeal is taken jurisdiction of the cause (Ex parte McLosky, 210 Ala. 458, 98 So. 708; Lee v. State, 10 Ala.App. 191, 64 So. 637), and on appeal the complaint signed by the city prosecuting attorney is regarded as sufficient to satisfy the requisites that the accused is entitled to be apprised of the nature and character of the accusation, although the record does not disclose an affidavit before the recorder. Fealy v. City of Birmingham, 15 Ala.App. 367(9), 73 So. 296.

"Such appeal cases, where the trials are de novo in the higher court, are distinguishable from the case of Town of Camden v. Bloch, 65 Ala. 236, where the trial was not de novo, but the proceeding there was a common law writ of certiorari issued by the appellate-city court to inquire into questions only 'touching the jurisdiction of the subordinate tribunal, and the regularity of its proceedings.' At page 239 of 65 Ala. The office of the writ there issued was to correct errors apparent on the face of the record and compliance with the writ by the inferior court necessitated a showing by the transcript submitted of a sufficient affidavit upon which the prosecution was sought to be predicated."

Under the provisions of Code of Alabama 1940, Title 13, Section 95, it is provided:

"Decisions of supreme court to control. —The decisions of the supreme court shall govern the holdings and decisions of the court of appeals, and the decisions and proceedings of such court of appeals shall be subject to the general superintendence and control of the supreme court as provided by section 140 of the constitution of the state."

It follows, therefore, from what the Supreme Court had to say, in said response, that the judgment of conviction from which this appeal was taken must be affirmed.

Affirmed.