85 So.2d· 896

**H. A. JEFFREY**

v.

**W. D. WILLIAMS, d/b/a Williams Motor Company.**

4 Div. 302.

Court of Appeals of Alabama.·

Feb. 7, 1956.

Rehearing Denied March 6, 1956.

R. Clayton Wiggins, Dothan, for appellant.

L. A. Farmer, Jr., Dothan, for appellee.

BONE, Judge.

This is an appeal from the Law and Equity Court of Houston County, Alabama.

Appellee has filed a motion to strike the transcript of evidence, including exhibits, objections, oral motions and rulings of the court, and as grounds for his motion assigns: 1. That the transcript was not filed with the clerk of the Houston Law and Equity Court within 60 days from the date on which the appeal was taken as required by law, and there is nothing in the record showing that an extension of time ·was requested and granted. 2. Sections 827(1) and 827(1a) of Title 7, Code of Alabama 1940, as amended, did not abolish bills of

exceptions in the Houston Law and Equity Court, At Law, and that the transcript of evidence, which is insufficient to constitute a bill of exceptions should be stricken by the appellate court on motion.

Section 827(1), Title 7, Code 1940, provides that "bills ·of exception in the trial of cases at law in the circuit court and courts of like jurisdiction and all other courts of record having a full time court reporter and from which appeals lie directly to the court of appeals, or the supreme court of Alabama, in the state of Alabama, are hereby abolished."

In the case of Chaney v. City of Birmingham, 246 Ala. 147, 21 So.2d 263, this section was interpreted to mean that bills of exceptions in the trial of cases at law are abolished in all the circuit courts, in courts. of like jurisdiction, and in all other courts of record having a full time court reporter from which appeals lie directly to the Court of Appeals or the Supreme Court.

The act creating the Houston Law and Equity Court, Act No. 208, General and Local Acts, Regular Session 1949, p. 295, amending Act No. 315, Local Acts 1947, p. 226, confers on that court its jurisdiction. The court was created in lieu of the county court and is a court of record having county-wide limited jurisdiction of criminal cases and civil actions at law and in equity. The court has jurisdiction in civil cases when the amount in controversy does not exceed $1,000, and no equity jurisdiction except suits for divorce or separate maintenance and cases involving domestic relations or the custody of children, and has no jurisdiction of bastardy proceedings except committing jurisdiction. The court has jurisdiction over misdemeanors, but has no felony jurisdiction.

The act provides that: "The judge shall secure the services of a competent reporter to attend the sessions of the court and report all cases tried when request therefor is made by any party to a suit. He shall serve at the will and pleasure of the judge. The reporter shall receive five dollars for each day that he is called upon ·to serve."

The act provides that an appeal shall lie to the Court of Appeals and the Supreme Court of Alabama.

We observe from the foregoing that we have here a court of record from which appeals lie directly to the Court of Appeals and to the Supreme Court. However, the court is not provided with a full time court reporter. The determining question, then, is whether this is a court of like jurisdiction to the circuit court. If it is a court of like jurisdiction to the circuit court, bills of exceptions have been abolished even though there is no full time court reporter. Chaney v. City of Birmingham, supra.

An examination of the act setting up the Houston Law and Equity Court discloses that the court is not of like jurisdiction to the circuit court, but is a court of limited jurisdiction and of inferior jurisdiction to that of the circuit court. For this reason we think the motion to strike the transcript of evidence, including objections, oral motions, and rulings of the court, is well taken. The certified transcript is not in proper form or content to constitute a bill of exceptions.

The act abolishing bills of exceptions applies to all circuit courts and courts of like jurisdiction though they do not have a full time court reporter. However, it does not apply to other courts except those of record which have a full time court reporter and an appeal lies from its judgment to the Supreme Court or Court of Appeals. It is therefore our opinion that in the Houston Law and Equity Court bills of exceptions have not been abolished, and the motoin to strike the transcript should be and is granted. Terry v. Gresham, 254 Ala. 349, 48 So.2d 437; Chaney v. City of Birmingham, supra.

The case will be decided solely on the record. · .

Briefly ·stated, the principal question raised¨by appellant's assignments of error is that the trial court erred in its special finding of facts and judgment by failing to find that the private sale of the repossessed automobile involved, on March 4, 1954, was the only valid exercise of the

authority given under the conditional sales contract.

The trial court has incorporated its special finding of facts in its judgment. These findings reveal no material variance from the facts set up by the pleadings, and we need go no further to arrive at a decision of this case.

The court found:

"The plaintiff, W. D. Williams, doing business as Williams Motor Company, on June 13, 1953, sold and delivered to the defendant, H. A. Jeffrey, one used 1950 Ford automobile for $1413.80, of which $350.00 was paid by the defendant upon delivery, leaving a balance due of $1063.80. The balance of the purchase price was due in 18 monthly installments of $59.10. A conditional sales contract was executed in which 'Title to said property shall not pass to purchaser until said amount is fully paid in cash.'

"On June 13, 1953, the plaintiff assigned said conditional sales contract to Time Finance, Inc., said assignment, among others, containing the following—'Dealers Recommendation, assignment and guaranty (With Recourse). To Time Finance, Inc. for value received, undersigned does hereby sell, assign and transfer to Time Finance, Inc., his, it or their right, title and interest in and to the within contract, herewith submitted for purchase by it * * *. In consideration of your purchase the within contract, undersigned guarantees payment of the full amount remaining unpaid thereon * * *.

"The defendant paid to Time Finance Inc. 5 installments on said conditional sales contract and then made default in the payments. Defendant then voluntarily surrendered said Ford automobile to Time Finance Inc. On or about February 17, 1954, Time Finance Inc., delivered said automobile to W. D. Williams, doing business as Williams Motor Co., and received from said Williams a check in the sum of $649.40 in payment of its guaranty and assignment (with recourse).

"Thereafter, and on to-wit: February 20, 1954, W. D. Williams, doing business as Williams Motor Co., proceeded to foreclose its contract of sale. Notice of said foreclosure sale was given by posting a written notice of said sale at the place of business of Williams Motor Co., and by sending a copy of said notice by Registered Mail to the plaintiff (sic), H. A. Jeffrey. Notice of said sale by Registered Mail was received by Jeffrey. Said foreclosure sale was had during the legal hours of sale on February 26, 1954. W. D. Williams, doing business as Williams Motor Co., was highest, last and best bidder for the sum of $250.00. After crediting the $250.00 on the amount paid to Time Finance Inc., on its guaranty there was a balance due on said contract of $339.40. An Attorney's fee of $94.00 was proven.

"On to-wit:—March 1, 1954, Time Finance Inc., reassigned to Williams Motor Co. the said conditional sales contract in words and figures as follows: 'March 1, 1954. For value received the undersigned hereby sells, assigns, transfers and sets over unto Williams Mtr Co. all its right title and interest in and to the obligation appearing on the reverse side hereof, and moneys due therefrom and merchandise or equipment securing the same. Without Recourse. Time Finance Inc. By (Can't make out signature) Mgr.

"On March 1, 1954, W. D. Williams, doing business as Williams Motor Company brought its suit for a deficiency judgment against H. A. Jeffrey.

"The case was tried on December 3, 1954, and submitted by the parties to the Court for rendition of a judgment at a later date.

"And now,

"Upon consideration of the testimony in this case judgment is hereby render-

ed in favor of the plaintiff and against the defendant for the sum of $493.40 and costs, with waiver of exemptions as to personal property."

The pleadings reveal that the automobile was sold by Williams Motor Company on March 4, 1954, at a private sale for the sum of $675. Appellant contends that this was the only valid sale held, and was in strict accordance with the terms of the conditional sales contract.

Title 39, Section 200, Code of 1940, provides: "All bonds, contracts, and writings for the payment of money or other thing, or the performance of any act of duty, are assignable by indorsement so as to authorize an action thereon by each successive indorsee."

We note that in the special finding of facts by the trial court the court found that the assignment was made on March 1, 1954, the date of the written assignment on the back of the contract. We think the trial court was correct in this finding, but cannot agree with the judgment entered by the court. There having been no re-assignment to Williams Motor Company until March 1, 1954, the sale held by the company on February 26, 1954, was without legal sanction, and void.

Following the chain of title, we find that the title was in Williams Motor Company on the date of the sale to the appellant, June 13, 1953. On that day, and after the conditional sales contract was executed, the appellee, Williams Motor Company, assigned the contract to Time Finance, Inc. This passed title to Time Finance, Inc., and Williams Motor Company had no title whatever while it was held by Time Finance, Inc. The title remained in Time Finance, Inc. until March 1, 1954, the date of the written assignment back to Williams Motor Company.

The appellant was never vested with title to the automobile. At the time of the purported public sale, February 26, 1954, the title had not yet passed back to Williams Motor Company but remained in Time Finance, Inc. until March 1, 1954, the date of this suit. Williams Motor Company, having no title to the automobile on February 26, 1954, could convey no title, and the purported public sale on that date was void.

For these reasons the trial court erred in returning a judgment in favor of the plaintiff and against the defendant.

The case is reversed and remanded.

Reversed and remanded.