BOWEN, Presiding Judge.
This is an appeal from the order of the juvenile court of Madison County transferring seventeen-year-old William Eric Ellington to the circuit court for criminal prosecution as an adult on a charge of first degree rape. Ellington argues that the transfer was improper because the motion to transfer was not signed by “the prosecutor.”
Alabama Code 1975, § 12-15-34(a), states: “The prosecutor may, before a hearing on the petition on its merits and following consultation with probation services, file a motion requesting the court to transfer the child for criminal prosecution.” Here, the motion to transfer was filed by an assistant district attorney.
Ellington cites Hawthorne v. State, 450 So.2d 1097 (Ala.Cr.App.1984), as authority for the proposition that the victim must sign the motion to transfer. In Hawthorne, 450 So.2d at 1102, this Court, in dicta, stated:
“We are also impressed by the fact that the prosecutor, the victim of the alleged theft who signed the affidavit instituting the proceeding in the juvenile court, did not ‘file a motion requesting the court to transfer the child for criminal prosecution’ as required by Section 12-15-34(a). The motion to transfer, as shown by the motion itself, was made by ‘the State of Alabama ... Assistant District Attorney of the Sixth Judicial Circuit of Alabama’ and was signed by said Assistant District Attorney. The transcript indicates that the alleged victim took no part in the hearing of the motion.”
In Howard v. State, 420 So.2d 828, 831 (Ala.Cr.App.1982), this Court held that the term “prosecutor” as used in § 12-16-150 concerning the statutory challenges for cause in the jury selection process does not mean the district attorney prosecuting the accused but refers to the “ ‘one who instigates prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued, or an indictment or accusation is based.’ ”
However, the term “prosecutor” as used in § 12-15-34 relating to juveniles does not mean the same thing as that term is employed in § 12-16-150 involving jurors. “The meaning of words are, of course, to be taken from their context.” Brock v. City of Anniston, 244 Ala. 544, 549, 14 So.2d 519 (1943). “[T]he rule is well recognized that in the construction of a statute, the legislative intent is to be determined from a consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found. The intent so deduced from the whole will prevail over that of a particular part considered separately.” Blair v. Greene, 246 Ala. 28, 30, 18 So.2d 688 (1944). “Words have varying meanings according to their context.” Pappanastos v. State Tax Commission, 235 Ala. 50, 52,177 So. 158 (1937). “Words used in the statute must be given their natural, plain, ordinary, and commonly understood meaning.” Alabama Farm Bureau Mutual Casualty Insurance Company, Inc. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala.1984).
Title 12, Chapter 15, does not contain a definition of the term “prosecutor.” How *804 ever, § 12-15-5 does provide that “[t]he district attorney of the judicial circuit in which the case is pending may exercise his authority in all cases arising under this chapter.”
The decision of whether or not to seek to proceed against a juvenile in an adult criminal proceeding is an adversarial decision particularly within the scope of the prosecuting authorities who must carry the burden of proof. The context in which the term “prosecutor” is used in § 12-15-34 convinces this court that the term refers to the district attorney. A prosecutor is the “[o]ne who prosecutes another for a crime in the name of the government.... A ‘prosecutor’ is one who takes charge of case and performs function of trial lawyer for the people, as does a district attorney.” Black’s Law Dictionary 1099 (rev. 5th ed. 1979). This is the commonly understood and present-day meaning of the word. See Gulledge v. State, 419 So.2d 219, 219-20 (Ala.1982) (“Pursuant to ... § 12-15-34, a motion was filed by the district attorney to transfer Gulledge to the circuit court for prosecution as an adult.”). To the extent that Hawthorne, supra, conflicts with our present holding, it is overruled.
The judgment of the juvenile court is affirmed.
AFFIRMED.
All Judges concur.