## MURPHY & BROCK v. ANDREWS & BROS.

1. The damages on a protested bill of exchange, drawn within this State, and payable in a sister State, is ten per cent.
2. Interest cannot be computed on the damages.

Error to the County Court of Montgomery.

ASSUMPSIT by the defendants in error against the plaintiffs in error, as indorsers of a bill of exchange, drawn in this State, payable at the Union Bank of Louisiana. Judgment being rendered by default, the defendants here assign for error, that damages were calculated by the clerk at fifteen instead of *ten per cent.*

R. DOUGHERTY, for the plaintiff in error, relied on the case of Crawford v. The Br. Bank at Mobile, 6 Ala. 12.

J. A. ELMORE, for the defendants in error.

By § 4, p. 381, Clay's Dig., (Damages,) the damages are 15 per cent.

By § 7, p. 382, damages on persons without the limits of the State, 10 per cent.

By § 11, p. 383, a bill like this is declared a foreign bill.

The question is, whether 10 or 15 per cent. damages are given by law.

The defendant in error, says, however, that he is entitled to interest on the damages. See Lloyd v. McGarr, 3 Penn. 474.

COLLIER, C. J.—The act of 1807 provides, that " on all bills of exchange drawn upon any person resident within the United States, and out of this State, which shall be returned protested, the damages shall be fifteen per cent. on the sum drawn for, and upon all bills, in like manner drawn upon residents out of the jurisdiction of the United States, being

Murphy & Brock v. Andrews & Bros.

protested, the damages shall be twenty per cent. on the sum mentioned in said bills respectively, and all charges incident thereto, with lawful interest as aforesaid, until the same be paid." Clay's Dig. 381, § 4. By the act of 1812, it is enacted, that "on all inland bills of exchange, on persons without the limits of this State, the damages, on protest for non-payment, shall be ten per cent., besides legal interest, from and after the date of such protest, any thing contained in the 5th section of the act to render promissory notes and cotton receipts negotiable, and for other purposes, to the contrary notwithstanding." Id. 382, § 7. The section here referred to, is the one first above recited; and the question now presented upon these two enactments is, whether the latter does not repeal the former, in respect to bills payable out of this State, but in the United States.

As to bills " drawn upon persons resident out of the jurisdiction of the United States," there can be no doubt but the 5th section is unaffected by any thing contained in the act of 1812, and hence it was retained in *Aikin's Digest*. But as to bills payable in a sister State, we cannot doubt, but it is abrogated. The act of 1807, uses the term "resident," in speaking of the drawee, yet it may be questioned whether it should be restricted to one who had a permanent home in another State; be this however as it may, the latter enactment contains language more comprehensive, and extends to all persons on whom bills are drawn, " without the limits of this State," whether "resident" at the place where the bill is payable, or not. This has been the practical construction of the act of 1812, and if the question were one of doubt, should be permitted to exert no inconsiderable influence.

2. It is insisted for the plaintiff in error, that the holder of a protested bill is entitled to recover interest, not only upon the amount expressed on its face, but on the damages given by statute. In Lloyd v. McGarr, 3 Penn. State Rep. 474, it was decided, that in an action against the drawer or indorser of a bill, that such was the law. But in Rowland v. Hoover, 2 How. Miss. Rep. 769, a conclusion directly the reverse was

attained. Our statute furnishes no warrant for the recovery of interest on the damages—it gives damages, "besides legal interest;" that is, in addition to the interest *on the bill* after its dishonor. The damages are contingent and accessorial, and cannot, upon any principle of legal analogy, draw interest. It is intended to compensate the holder of the bill for the loss he may sustain by the failure to meet it at maturity, and perhaps as a penalty to enforce punctuality in the payment of this description of mercantile security. When a judgment is rendered for the damages, they then, and not sooner, become part of the principal debt, and after that period, they draw interest. The error in the addition of fifteen instead of ten per cent. is a mere clerical misprision, according to the act of 1824, and the judgment will be accordingly amended at the cost of the plaintiff in error.