**STATE ex rel. NORQUIST et al. v. GLENNON.**

1 Div. 788.

Supreme Court of Alabama.

June 29, 1933.

Smith & Johnston and Harry T. Smith & Caffey, all of Mobile, for appellants.

Pillans, Cowley & Gresham, Robert H. Smith, Mahorner & Mahorner, Vernol R. Jansen, and Lyons, Chamberlain & Courtney, all of Mobile, for appellee.

**PER CURIAM.**

As we understand, the local act of 1933, as set out in the agreed statement of facts, merely changes the membership of the school board from five to seven, leaving the powers and duties practically the same as those of the old board. While the act requires and contemplates the election by the Senate of the entire seven members, it expressly requires that the old board of five shall be included in the new board of seven, thus giving the Senate no discretion whatever except as to the personnel of the two new or additional members. The act is in plain and unambiguous language in this respect, and the Senate had no power to name but two members in addition to the five old members. It is contended, however, that a compliance with the plain terms of the act was impossible because of the death of Dr. Rush, one of the old members, before the present act was passed and the new board was named, and the act should be construed so as to give it a field of operation instead of declaring the same abortive. This might be done if such a construction was not repugnant to, and contradictory of, the plain words of the act. It not only requires the election of the old board, but specifies and classifies the respective terms of the new board, placing therein those of the old board as per the years when elected, and so places Dr. Rush as if he had been named in the act, and the Senate was not empowered to name three new members or substitute a new man for one who had been elected in 1928 or other specified years. To hold that the act sanctioned what was done by the Senate would contradict the plain language of same and render it a different law from the one advertised and passed. The publication of the act gave the citizens of Mobile notice that their old board would be retained and the Senate would only undertake to name two new members. On the other hand, if the public knew of the death of Dr. Rush, when the act was published, they knew that a compliance therewith would be impossible and would render the same abortive, and had the right to assume that it would not be amended or construed by the courts so as to make it different from the one published, and were thereby lulled into nonaction as to any opposition to same. Alford v. Hicks, 142 Ala. 355, 38 So. 752.

■ The fact that the nonexistence of a material part of the subject-matter of the act rendered the same impossible of operation, to this extent, will not justify the court in construing the same so as to make it operative in the very teeth of the plain and unambiguous language of same. State ex rel. Leslie et al. v. Bracken et al., 154 Ala. 151, 45 So. 841.

■ We therefore hold that the act in question was an attempt to do the impossible and is void and nonenforceable. The circuit court erred in denying the relator the relief sought, and the judgment is reversed and one here rendered ousting the respondent from membership of the school board.

Reversed and rendered.

ANDERSON, C. J., and THOMAS, BOULDIN, BROWN, and KNIGHT, JJ., concur.

FOSTER, Justice (dissenting).

The act of 1933 merely enlarged the board by adding two members to the five as then constituted. The provision that five of them should be persons out of and from the board as constituted of course assumes that at the time the five offices on the board were filled. The effect was to carry the board as then constituted into and form that much of the new. If one of those offices was vacant, it went into the new board as a vacancy, subject to be filled as such, for which provision was made by the act.

Viewing it on another theory, if the new act created a new office, at once effective, but named as its first incumbent one who is dead, or named as the qualifications of the one who shall be its first incumbent such as were possessed only by one who was then dead, should not, in my opinion, have the effect of annulling the act altogether. It is only the first incumbent whose qualification are thus prescribed, and I think that such situation is the same as the creation of a new office with no provision for filling it. When such situation exists, the best rule, I think, is that there is at once a vacancy to be filled pursuant to the law which regulates the method of filling vacancies generally speaking. 46 Corpus Juris, 973 (118), 976 (notes 92 and 93).

I cannot therefore concur in the majority opinion.

GARDNER, J., concurs in the foregoing.