194 So. 881

## COUNTY BOARD OF EDUCATION OF JEFFERSON COUNTY v. STATE.

### 6 Div. 596.

Supreme Court of Alabama.
March 21, 1940.

Horace C. Wilkinson, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Matt H. Murphy and Wm. H. Ellis, both of Birmingham, for appellee and cross-appellant.

THOMAS, Justice.

The statement of facts is shown by the pleading and is as follows: The State of Alabama (cross-appellant) filed its complaint for the collection of delinquent gasoline taxes in the Circuit Court of Jefferson County, Alabama, on October 24, 1938, claiming $8,952.90 plus interest for such taxes accruing by the County Board of Education of Jefferson County, Alabama, between the periods of July 1, 1937, to September 30, 1938, being a calendar month average of $596.86. The tax itself was claimed in Count 1 and the penalty in Count 2. Appellee pleaded in short by consent to those counts as amended and judgment was entered on September 20, 1939, in favor of the State of Alabama. The trial court refused to enter judgment for the penalty. From this or-

278

der appellant, the County Board of Education of Jefferson County, Alabama, appealed. Appellee, State of Alabama, cross-assigned errors under Supreme Court Rule 3 questioning the nisi prius judge's failure to award judgment for the statutory penalty claimed in Count 2 as amended.

The plea is as follows: "Comes the defendant and for answer to the Complaint in this cause, and to each and every count thereof, separately and severally, pleads in short by consent the general issue, with leave to give in evidence any matter which if well pleaded, would be admissible in defense of the action, to have effect as if so pleaded; and with leave to the Plaintiff to give in evidence any matter, which if well pleaded, would be admissible in reply to such defensive matter, to have effect as if so pleaded."

The stipulation of facts, supplemented by the testimony of Mr. McMullen, substantially covers the case.

The appellant assigns as error the rendition of a judgment against appellant, County Board of Education, for $9,783.82.

The facts may be stated as follows: Most of the facts were agreed on and the stipulation thereof is in substance an admission of every averment of the two counts and showed that appellant board did withdraw 149,215 gallons of gasoline from storage in Jefferson County between July 1, 1937, and September 30, 1938, which was used by it in transporting school children to and from school under its duty to operate public schools; the cross-appellant (State of Alabama) has made demand for said tax and appellant board has refused to pay it; that no one has paid the same and the said board has failed or refused to make monthly returns prescribed by the Alabama gasoline tax statutes and pay the tax upon which failure the penalty is based. General Acts of Alabama, 1935, p. 514, § 348, Schedule 156.14.

Exhibits were attached to the stipulation showing that in the same period that appellant board had refused to report and pay cross-appellant the $8,952.90 tax that it had received $2,588,496.29 and had disbursed to others than the State of Alabama the sum of $2,835,801.45; that its budget for its fiscal year 1938-39 showed approximately the same sum through its estimated budget for 1939-40, but for some reason that it anticipated about a half million dollars less revenue; a budget-receipt-disbursement comparison for 1938-39 is shown; appellant board has incurred a deficit of $65,088.35 as of August, 1939; the annual budget with receipts and expenditures for the school year 1937-38 is shown and also the financial statement of the board for 1936-37. The facts shown by the exhibits are shown as mentioned in the transcript.

In none of the records does the debt to the State of Alabama appear and in the testimony of witness McMullen it was affirmatively shown that the board did not include the judgment obtained by the state. The record shows that the Board has spent about $75,000 in transportation of pupils during the fiscal year 1938-39.

This Court has already instructed the appellant board that it is liable for the gasoline excise tax in two decisions rendered on January 13, 1938, in State Tax Commission v. Board of Education, 235 Ala. 388, 179 So. 197, and on January 31, 1939, in Board of Education of Jefferson County v. State Tax Commission, 237 Ala. 434, 187 So. 414. The decision of January 31, 1939, affirmed a judgment in favor of the State for the tax there sued on.

In support of the cross-assignments of error appellee cites authorities to the effect that the gasoline tax statute of Alabama prescribes a penalty of twenty-five per cent of the amount due against a storer as therein defined who fails to make the monthly returns required and pay the tax levied by said act.

Schedules 156 and 156.14 of the General Acts of Alabama, 1935, pp. 508 and 514, respectively, read as follows:

"Schedule 156. As used in this Chapter, the term 'Gasoline' shall include gasoline, naptha and other liquid motor fuels or any device or substitute therefor, commonly used in internal combustion engines; provided, however, that nothing in this Chapter shall be held to apply to those products known commercially as 'kerosene oil', 'fuel oil', or 'crude oil' commonly used for lighting, heating or industrial purposes. The word 'person' means and includes persons, corporations, co-partnerships, companies, *counties, municipal corporations, school boards, or agencies of the State,* or other agencies, associations, incorporated or otherwise, singular or plural. * * *."

"Schedule 156.14. If any distributor, refiner, storer or retail dealer in gasoline

covered by this Chapter shall fail to make the monthly returns prescribed herein and pay the excise tax hereby laid, on or before the 20th day of the month following sale, distribution or withdrawal, the State Tax Commission shall make return for such delinquent upon such information as it may reasonably obtain, assess the excise tax thereon, and add a penalty for failure to make such return and pay the tax herein laid of twenty-five per cent (25%) of the tax due, to the amount as assessed by the Commission. *If, in the opinion of the State Tax Commission a good and sufficient cause or reason is shown for such delinquency, the State Tax Commission may remit the penalty, otherwise the penalty shall be paid."*

See Turner v. State, 226 Ala. 269, 146 So. 601; Southern Car & Foundry Co. v. Calhoun County, 141 Ala. 250, 37 So. 425.

The foregoing authorities are to the effect that debt is the proper method of collecting a penalty prescribed by statute against one liable for excise taxes for failure to pay and make report upon which his liability can be ascertained unless the statute indicates an *exclusive* remedy. State v. Bradley, 207 Ala. 677, 93 So. 595, 26 A.L.R. 421.

Exemptions from taxation are strictly construed in favor of the taxing authority and against one claiming the exemption. Henry v. McCormack Bros. Motor Car Co., 232 Ala. 196, 167 So. 256.

In the first appeal in this case, State Tax Commission v. County Board of Education of Jefferson County, 235 Ala. 388, 391, 179 So. 197, 198, this court said: "The legislative power to impose an excise tax on counties, municipalities, and other government subdivisions or agencies, engaged in enterprises for which such tax is imposed on private persons or corporations, was considered and upheld in State v. City of Montgomery, 228 Ala. 93, 151 So. 856."

The rules of construction of statutes are stated at length in Henry v. McCormack Bros. Motor Car Co., 232 Ala. 196, 167 So. 256, and are to the effect that: "Where language of statute is not clear or obvious, legislative intent will be sought from whole subject. In determining legislative intent, courts will look to context of act and all of its provisions, and, if possible, give act effect according to intent so expressed. Court will correct apparent mistakes in wording of statute where other provisions or legislative journals furnish such means of correcting such mistakes as will fairly carry out legislative intent. In determining and giving effect to legislative intent, courts may look to history of statute, conditions which led to its enactment, material surrounding circumstances, ends to be accomplished, and evils to be avoided or corrected. Exemptions from taxation must be strictly construed in favor of taxing power, and may not be deduced from language of doubtful import, whether contained in charters or in statutes."

The foregoing decisions in this case have adhered to these rules.

We find no error in the judgment of the circuit court for the sum of $9,783.82, with interest at six per centum from date of judgment to the date of rendition of this decree. Said interest which will accrue is $293.51.

There was error in not rendering judgment for the penalty of twenty-five per centum levied by law on such withdrawal from storage of gasoline, which penalty amounts to $2,238.23. The statute of 1935, p. 514, Schedule 156.14 contains the further provision, however, that if the State Tax Commission thinks there is sufficient cause or reason for such delinquency, the penalty may be remitted. In view of the necessity for construction as shown by the three appeals, the discretion for remission of the penalty rests in the State Tax Commission, (now the State Department of Revenue-Gen.Acts, 1939, p. 1) and not in the circuit court. It will be noted that the penalty imposed by said statute is not subject to the interest charge. Murphy v. Andrews, 13 Ala. 708.

The judgment of the circuit court, as corrected, is affirmed.

Affirmed with correction.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.