BASCHAB, Judge.
On May 12, 1983, the appellant, Paul Hogan, Jr., pled guilty to second-degree rape. The trial court sentenced him as a habitual offender to 45 years in prison. He did not appeal his conviction. On February 11, 1999, the appellant filed a Rule 32, Ala. R.Crim. P., petition for post-conviction relief, challenging his sentence. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant contends that he was improperly convicted and sentenced under § 13A-6-62, Ala.Code 1975, and that his sentence was improperly enhanced by the application of the Habitual Felony Offender Act (the “HFOA”), as codified at § 13A-5-9, Ala.Code 1975. He argues that, because he allegedly committed the rape in the fall of 1978, his conviction and sentence are governed by § 13-1-130 through -136, Ala.Code 1975, the statutes that defined rape and related offenses at that time and the predecessors to § 13A-6-62, AIa.Code 1975. He claims that the HFOA had not yet been enacted and that, therefore, the maximum sentence he could have received was 10 years in prison. In support of his argument, he cites Davis v. State, in which this court held that “[a] defendant’s sentence is determined by the law in effect at the time of the commission of the offense.” 571 So.2d 1287, 1289 (Ala.Cr.App.1990). See also Wood v. State, 602 So.2d 1195, 1196 (Ala.Cr.App.1992).
The following legislative history of the Alabama Criminal Code is significant in determining what law was in effect when the appellant committed the rape. On May 16, 1977, the Governor approved a *223 new criminal code for the State of Alabama. See Act No. 77-607, Ala. Acts 1977. That act became effective May 16, 1978. In particular, that act defined the offense of rape in the second degree and classified that offense as a Class C felony.[1] The act also provided for the enhanced punishment of habitual felony offenders by increasing by five years the maximum sentence a defendant who had a prior felony conviction could receive upon the commission of another felony.[2] The Legislature passed another act addressing the punishment of habitual offenders, which the Governor approved on May 23, 1977. See Act No. 77-643, Ala. Acts 1977. That act became effective May 23, 1978.[3] The Legislature again amended the law governing punishment of habitual felony offenders, which became effective in July 1980. See Act No. 79-664, Ala. Acts 1979.[4]
We have reviewed the record in this case, and we cannot determine the date the offense occurred, the date the appellant was indicted, or under what provisions of the law he was indicted and convicted. We also cannot determine what provisions of the Alabama Code the trial court relied upon in sentencing the appellant. Because this information is necessary to determine whether the appellant was properly sentenced, we remand this case for the circuit court to conduct a full evidentiary hearing on the appellant’s claim. If the court finds that the appellant committed the offense before May 16, 1978, then his conviction and sentence would be governed by §§ 13-1-130 through -136, Ala.Code 1975. If the court finds that the appellant committed the rape after May 16, 1978, then Act No. 77-607, Ala. Acts 1977, provides the law upon which the appellant’s conviction is based. With regard to the appellant’s sentence, if the court finds that he committed the offense between the dates of May 16, 1978, and May 23, 1978, and that he has two prior felony convictions, it should enhance the base sentence imposed by five years pursuant to the habitual felony offender act in effect at that time. See Act No. 77-607, Ala. Acts 1977. If the offense occurred on or after May 23, 1978, but before July 30, 1980, the court should enhance his sentence pursuant to the habitual felony offender act as set forth in Act *224 No. 77-643, Ala. Acts 1977. Finally, if the offense occurred on or after July 30, 1980, then the present Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975, applies to the appellant’s sentence.
The circuit court shall make specific written findings of fact setting forth the date the offense occurred, the date the appellant was indicted, and the provisions of the Alabama Code under which the appellant was indicted, convicted, and sentenced. We further instruct the court, if necessary, to vacate the sentence in this case and to resentence the appellant in accordance with the law in effect at the time he committed the offense. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a copy of the indictment and a transcript of the remand proceedings conducted by the court.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.

. Before May 16, 1978, the law governing the convictions and sentences for rape and sexual abuse was set forth in § 13-1-130 through § 13-1-136, Ala.Code 1975. Under these statutes, there were no degrees for the offense of rape. When the Legislature passed Act No. 77-607, it rewrote the law governing sexual offenses, thereby replacing § 13-1-130 through § 13-1-136. The act defined, for the first time, the offenses of first-degree rape and second-degree rape, which are codified as § 13A-6-61 and § 13A-6-62, respectively. Under § 13A-6-62, second-degree rape is now a Class B felony. The Commentary to § 13A-6-61 and § 13A-6-62 states, in pertinent part, that "[sjections 13A-6-61, subdivision (a)(3), and 13A-6-62, subdivision (a)(1), supplant and are substantially the same as the statutory rape sections, former § 13-1-133, carnal knowledge of girl under 12, and former § 13-1-134, carnal knowledge of a girl over 12 and under 16 years of age." (Emphasis added.)

. On May 2, 1978, the Legislature amended portions of the new criminal code and added some newly defined offenses. See Act No. 78-770, Ala. Acts 1978; however, that act did not repeal the sections that we have specifically discussed and that are particularly significant to this case.

. That act, codified at § 15-18-9, Ala.Code 1975, provides as follows;
"In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows:
"(1) On conviction of a Class C felony, he must be punished for a Class B felony;
"(2) On conviction of a Class B felony, he must be punished for a Class A felony; and
"(3) On conviction of a Class A felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.”

. Act. No. 79-664, the Habitual Felony Offender Act, is codified as § 13A-5-9, Ala.Code 1975, and includes the portion of the law quoted in footnote 3, along with two additional provisions governing enhanced sentences for defendants with two or more prior felony convictions.