Lasalle Minnifield appeals the circuit court's denial of what he styled as a petition for a writ of habeas corpus, in which he attacked his 1980 conviction for rape and his resulting sentence of 50 years' imprisonment.[1] This Court affirmed Minnifield's *Page 1001 
conviction and sentence on direct appeal without an opinion on October 28, 1980. See Minnifield v. State (No. 6 Div. 362). This Court issued a certificate of judgment on November 17, 1980.
Minnifield filed the present petition on August 3, 2004. In his petition, Minnifield claimed (1) that the indictment was void because, he said, it did not include the phrase "against the peace and dignity of the State of Alabama"; (2) that the indictment was void because, he said, it did not state the time or place of the offense; (3) that the indictment was void because, he said, it did not charge an offense; and (3) that the trial court lacked jurisdiction to sentence him because, he said, he was entitled to jury sentencing pursuant to Title 14, § 395, Code of Alabama 1940 (Recompiled 1958).[2] After receiving a response from the State, the circuit court, properly treating Minnifield's petition as a Rule 32, Ala.R.Crim.P., petition for post-conviction relief, conducted evidentiary hearings on September 9, 2004, October 4, 2004, and October 15, 2004. The circuit court then denied the petition on October 20, 2004.
 I.
Before addressing the claims in Minnifield's petition, we first address Minnifield's argument regarding the law in effect at the time of his crime. Citing Hogan v. State, 748 So.2d 222
(Ala.Crim.App. 1999), Minnifield argues that Act No. 77-607, Ala. Acts 1977, adopting the Alabama Criminal Code now codified in Title 13A and repealing former Title 13, Ala. Code 1975, took effect May 16, 1978; that his crime occurred after May 16, 1978; and that, therefore, his case is governed by Title 13A. We disagree.
It is well settled that the law in effect at the time of the commission of the offense controls the prosecution. SeeDavis v. State, 571 So.2d 1287, 1289
(Ala.Crim.App. 1990) ("A defendant's sentence is determined by the law in effect at the time of the commission of the offense.");Hardy v. State, 570 So.2d 871 (Ala.Crim.App. 1990) (unless otherwise stated in the statute, the law in effect at the time the offense was committed controls the offense); andJefferson v. City of Birmingham, 399 So.2d 932
(Ala.Crim.App. 1981) (law in effect at the time of the offense governs prosecution). A review of the transcript from Minnifield's trial[3] reveals that the incident giving rise to the rape charge in this case was committed on June 18, 1979. Therefore, we must determine what law was in effect on June 18, 1979.
Act No. 20, Ala. Acts 1977, adopted the 1975 Alabama Code. That Act was passed by the Legislature in February 1977, and became effective in October 1977. See, e.g., Ex parteCoker, 575 So.2d 43 (Ala. 1990), and Ex parteBeverly, 497 So.2d 519 (Ala. 1986). Act No. 20 included former Title 13, Ala. Code 1975, including §§ 13-1-130 *Page 1002 
and 13-1-131, dealing with rape,[4] which were essentially recodifications of Title 14, §§ 395 and 396, Code of Alabama 1940 (Recompiled 1958).
Act No. 77-607, Ala. Acts 1977, commonly referred to as the Alabama Criminal Code and codified in Title 13A, was also passed by the Legislature in 1977; it was approved by the Governor on May 16, 1977. Sections 9901 and 9902 of that Act repealed various provisions of former Title 13, including §§ 13-1-130 and 13-1-131. Section 9910 of that Act established the effective date of the Act as May 16, 1978. However, on January 10, 1978, at the regular session of the legislature, House Bill ("H.B.") 10, was introduced as follows: "To amend Section 9910 of Act No. 607, S. 33, 1977 Regular Session of the Alabama Legislature, commonly known as the `Alabama Criminal Code' so as to delay the effective date one additional year." Vol. 1, p. 9, House Journal, 1978 Regular Session. On April 5, 1978, H.B. 10 was amended to substitute June 1, 1979, as the effective date of the Act. See Vol. II, House Journal, 1978 Regular Session. The Alabama Senate approved a substituted version of H.B. 10, establishing the June 1, 1979, effective date and amending several other sections of Act No. 77-607. See Vol. Ill, pp. 2574-89, House Journal, 1978 Regular Session. H.B. 10 was passed by the legislature as Act No. 78-770, Ala. Acts 1978, and the Governor approved that Act on May 2, 1978. In 1979, the legislature passed Act No. 79-125, Ala. Acts 1979, which the Governor approved on May 29, 1979. That Act further amended Section 9910 of Act No. 607, Ala. Acts 1977, to change the effective date of the Act from June 1, 1979, to January 1, 1980. See Act No. 79-125, Ala. Acts 1979, Vol. I, p. 230 ("To further amend Section 9910 of Act No. 607, S. 33 of the 1977 Regular Session (Acts 1977, Vol. II, p. 812), as amended, so as to further provide for the effective date."). See also Vol. I, House and Senate Journals, 1979 Regular Session.
Act No. 78-770, Ala. Acts 1978, postponed the effective date of Act No. 77-607, Ala. Acts 1977, from May 16, 1978, to June 1, 1979, and Act No. 79-125, Ala. Acts 1979, further postponed the effective date from June 1, 1979, to January 1, 1980, at which time Act No. 77-607, Ala. Acts 1977, went into effect. Although this Court stated in Hogan that Act No. 77-607 became effective on May 16, 1978, and, thus, that §§ 13-1-130 through -136, Ala. Code 1975, were repealed on that date, that statement was erroneous, and to the extent that Hogan
is inconsistent with this opinion, it is hereby overruled.[5]
We note our disagreement with Judge Baschab's special writing, in which she questions the propriety of looking to the House and Senate Journals to ascertain legislative intent, points out that there are no quotation marks in Act No. 78-770 before the reference to § 9910 and after the reference to the June 1, 1979, effective date, and then concludes that § 9910, as referenced in Act No. 78-770, established the effective date of Act No. 78-770 rather than the effective date of Act No.77-607. The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. See the cases collected at 45 Ala. Digest 2d Statutes § 181(1) (1995). In Henry v.McCormack Bros. Motor Car *Page 1003 Co., 232 Ala. 196, 167 So. 256 (1936), the Alabama Supreme Court stated:
 "There are recognized canons of statutory construction that will be observed. In construing statutes, they are: (1) `Where the language of a statute is clear and the intent obvious, there is no room for construction; but where the meaning and intent are not obvious the court must attempt to arrive at the legislative intent.' City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159, headnote 1 [(1909) ]. (2) The legislative intent will be sought from the whole subject, where the language is not clear or obvious. Hamilton et al. v. Pullman Car Mfg. Corporation of Alabama (Ala.Sup.) [231 Ala. 7,] 163 So. 329 [(1935)]; Davis v. State ex rel. County Board of Equalization of Cherokee County, 16 Ala.App. 397, 78 So. 313 [(1918) ]. (3) In determining the intent and purpose of an enactment, courts will look to the context and all of its provisions, and, if possible, give the act effect according to the legislative intent so expressed. Edwards v. Doster-Northington Drug Co., 214 Ala. 640, 108 So. 862 [(1926) ]; Armstrong v. Sellers et al, 182 Ala. 582, 62 So. 28 [(1913)]. (4) Any apparent mistakes in the wording of the statute will be corrected, where the other provisions of the act or the legislative journals furnish such means of correcting such apparent mistakes as will fairly carry out the intent of the Legislature. State ex rel. Leslie et al. v. Bracken et al., 154 Ala. 151, 45 So. 841 [(1908) ]; Louis Pizitz Dry Goods Co. v. Fidelity Deposit Co. of Maryland, 223 Ala. 385, 136 So. 800 [(1931) ]; State ex rel. Norquist et al. v. Glennon, 227 Ala. 208, 211, 149 So. 257 [(1933) ]; Dauphin LaFayette Streets Railway Co. v. Kennerly, 74 Ala. 583 [(1883)]. (5) Where there is doubt as to the meaning and intent of a statute by reason of the language employed, or arising from the context, courts may look to the history, conditions which led to that enactment, the material surrounding circumstances, the ends to be accomplished, and evils to be avoided or corrected, in order that the legislative intent be ascertained and given effect, if possible. McCreless v. Tennessee Valley Bank, 208 Ala. 414, 94 So. 722 [(1922) ]; Prowell v. State ex rel. Hasty et al, 142 Ala. 80, 39 So. 164
[(1905)]."
232 Ala. at 197-98, 167 So. at 257 (footnote omitted; emphasis added). See also County Bd. of Edue. of Jefferson County v.State, 239 Ala. 276, 279, 194 So. 881, 883 (1940); andGuy H. James Constr. Co. v. Boswell, 366 So.2d 271, 273
(Ala. 1979), ("An obvious error in the language of a statute is self-correcting. . . . In such an instance, the Court may substitute the correct word when it can be ascertained from the context of the act.").
The House and Senate Journals mentioned above clearly indicate that the legislative intent in enacting Act No. 78-770 was to postpone the effective date of Act No. 77-607 from May 16, 1978, to June 1, 1979. It is apparent to us from our reading of Act No. 78-770 that the references to § 9910 and the June 1, 1979, effective date should have been within quotation marks so as to designate § 9910 as one of the sections of Act No.77-607 being amended. Those quotation marks were apparently inadvertently omitted. To conclude otherwise would be to ignore the stated purpose of H.B. 10 and to accept the rather nonsensical division of Act No. 78-770 into "Section 1" and "Section 9910," instead of the more logical "Section 1" and "Section 2." In addition, it seems probable that the legislature intended for Act No. 78-770 to take effect upon its approval by the Governor on May 2, 1978, rather than over a year later on June 1, 1979. It is *Page 1004 
also significant, we think, that when enacting Act No. 79-125, the legislature specifically noted that its purpose was to "further amend Section 9910 of Act No. 607, S. 33 of the 1977 Regular Session (Acts 1977, Vol. II, p. 812), asamended, so as to further provide for the effective date." (Emphasis added.) This indicates that the legislature understood that § 9910 of Act No. 77-607 had already been amended by Act No. 78-770. Finally, we think that it is significant that Act No. 80-753, Ala. Acts 1980, which codified all of the amendments to the Code enacted during the 1979 session of the Alabama Legislature, specifically noted, as part of the changes to the Criminal Code effected during the 1979 session, the corrections to § 13A-5-1 and § 13A-1-7, changing the effective date of the Criminal Code to January 1, 1980. See also the Code Commissioner's Note preceding the table of repealed sections on p. 1 of Vol. 12 of the Alabama Code 1975.
From the analysis set forth above, it is clear that Title 13, Ala. Code 1975, was the law in effect at the time of the commission of the offense in this case, June 18, 1979, and, thus, that §§ 13-1-130 and 13-1-131 govern the prosecution and sentencing in this case. With this in mind, we now turn to the claims in Minnifield's petition.
 II.
Minnifield contends that the indictment against him was void because, he says, it did not conclude with the phrase "against the peace and dignity of the State of Alabama." However, a review f the record from Minnifield's direct appeal reveals that the indictment did conclude with the afore-mentioned phrase. (Record on Direct Appeal, C. 151.) Therefore, this claim is without merit and was properly denied by the circuit court.
 III.
Minnifield contends that the indictment against him was void because, he said, it did not allege the time or place of the crime.
Section 15-8-30, Ala. Code 1975, which has been in effect in its current state since the adoption of the 1940 Code of Alabama, and which was in effect at the time of the crime, provides, in pertinent part, that "[i]t is not necessary to state the precise time at which an offense was committed in an indictment . . . unless time is a material ingredient of the offense." Time is not a material ingredient of the offense of rape. Section 15-8-31, Ala. Code 1975, which also has been in effect since at least the adoption of the 1940 Code and which was in effect at the time of the crime, provides, in pertinent part, that "[i]t is not necessary to allege where the offense was committed in an indictment. . . ." Therefore, the indictment did not have to allege the time or place of the offense. Because neither the time nor place of the offense was required to be charged in the indictment, Minnifield's claim does not implicate the jurisdiction of the trial court. Thus, it is time-barred by Rule 32.2(c), Ala.R.Crim.P., and was properly denied by the circuit court.
 IV.
Minnifield contends that the indictment against him was void because, he says, it failed to charge an offense. Specifically, he maintains that the indictment did not allege that he engaged in sexual intercourse or otherwise apprise him of the essential elements of the offense of rape. The indictment charged that Minnifield "did forcibly ravish [the victim], a woman. . . ." (Record on Direct Appeal, C. 151.)
Section 13-1-131, Ala. Code 1975, set forth the requirements for proof of rape as follows: "To sustain an indictment for rape, proof of actual penetration is sufficient, *Page 1005 
when the act is shown to have been committed forcibly and against the consent of the person on whom the offense was committed." Section 15-8-150(80), Ala. Code 1975, which was also in effect at the time of the commission of this offense, provides that an indictment charging that "A.B. forcibly ravished CD., a woman, etc." was sufficient to charge rape; historically, the appellate courts of this state have held that an indictment such as the one in this case is sufficient to charge the offense of rape under Title 13. In Powell v.State, 224 Ala. 540, 141 So. 201 (1932), rev'd on other grounds, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), the Alabama Supreme Court specifically upheld an indictment that charged that "`[the defendants] forcibly ravished [the victim],'" stating:
 "The indictment in the present case is not subject to the criticism that it is vague, indefinite, and uncertain. The nature and cause of the accusation are definitely stated, and the name of the woman, the subject of the crime, is set forth in the indictment. The form here used was approved by this court in the case of Leoni v. State, 44 Ala. 110 [(1870) ]. This decision was rendered by this court in 1870, and its correctness has not since been questioned, nor its soundness doubted. There is no merit in this contention of the appellants."
24 Ala. at 544, 141 So. at 204. See also McQuirk v.State, 84 Ala. 435, 4 So. 775 (1888) (indictment following Crim. Code 1886, p. 275, form No. 69, charged that defendant "forcibly ravished" the victim); and Liner v. State,350 So.2d 760, 761 (Ala.Crim.App. 1977) ("Count one was in statutory form and charged forcible ravishment. Title 14, § 395, Code of Alabama 1940, Recompiled 1958; § 259(89), Code.").[6]
Therefore, Minnifield's indictment was valid and the circuit court properly denied this claim.
 V.
Minnifield contends that his sentence is illegal because, he says, the jury, rather than the trial court, was required to sentence him. Minnifield's argument in this regard appears to be as follows: Act No. 77-607, which repealed § 13-1-130, became effective May 16, 1978; although § 13-1-130 provided for sentencing by the court instead of a jury, Act No. 77-607
was silent on the issue of the proper sentencing authority; because Act No. 77-607 was silent on the issue of the proper sentencing authority and because § 13-1-130 was repealed by Act No. 77-607, former Title 14, § 395 Ala. Code 1940 (Recompiled 1958), which provided for jury sentencing, was "the only controlling statute and/or code in effect at the time of the offense" dealing with the proper sentencing authority and, thus, is applicable to his case. (Minnifield's brief at p. 20.)
Because we have already determined that Title 13, not Title 13A as adopted by Act No. 77-607, was in effect at the time of the offense in this case, Minnifield's argument is meritless. Section 13-1-130 contained no provision for jury sentencing. That section provided that "[a]ny person who is guilty of the crime of rape shall, on conviction, be punished by imprisonment in the penitentiary for not less than 10 years, or as otherwise specified by law." In Lawson v. State, 377 So.2d 1115
(Ala.Crim.App. 1979), this Court, addressing a *Page 1006 
challenge to the constitutionality of § 13-1-130, explained:
 "Appellant asserts that § 13-1-130, Code of Ala. 1975, unconstitutionally deprived him of a protected aspect of the right to trial by jury through its omission of language bestowing upon the jury the right to fix punishment.
 "Title 14, § 395, Code of Ala. 1940, Recompiled 1958, states:
 "`Any person who is guilty of the crime of rape shall, on conviction, be punished, [a]t the discretion of the jury, by death or imprisonment in the penitentiary for not less than ten years.' (Emphasis added.)
 "Prior to Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), rape was considered a capital offense punishable, at the discretion of the jury, by death. Furman
held such discretion, either in the judge or jury, violative of the Eighth Amendment's guarantee against cruel and unusual punishment. Consequently, our 1975 codification of this statute (§ 13-1-130) necessarily omitted the death penalty as punishment as well as the discretionary authority placed in the jury to fix punishment. The new Code did not adopt the WW Code's sentencing authority provision. This modification occurs throughout the related sexual offenses statutes. Sections 13-1-133,-135, Code of Ala.1975. Consequently, § 13-1-130 must be read in conjunction with § 15-18-20, Code of Ala. 1975, which states:
 "`When an offense is punishable by imprisonment in the penitentiary or hard labor for the county, the court must impose the term of punishment, [u]nless the power is expressly conferred on the jury.' (Emphasis added.)
 "The trial court has also been granted the authority to impose a life sentence. Section 15-18-23, Code of Ala.1975.
 "Therefore, unless the jury is expressly invested with the authority to sentence, the power lies exclusively in the trial judge. The jury is not authorized to fix punishment for rape under § 13-1-130, supra. That authority rests in the trial judge alone. Thus, appellant's argument is without merit. See: Trone v. State, Ala. Cr.App., 366 So.2d 379 (1979); Burton v. State, 364 So.2d 394, cert. denied, Ala., 364 So.2d 397 (1978); Taylor v. State, Ala. Cr.App., 361 So.2d 1189 (1978)."
377 So.2d at 1120 (some emphasis original; some emphasis added).
Minnifield's sentence was properly imposed by the trial court instead of the jury and, thus, was not illegal. Therefore, this claim was properly denied by the circuit court.
 VI.
Finally, Minnifield contends that the claims in his petition should have been "recognized as grounds for the issuance of a writ of habeas corpus." (Minnifield's brief at p. 9.) However, Minnifield's petition challenged the validity of his conviction and sentence; therefore, the circuit court's treatment of the petition as a Rule 32 petition was proper. See Magouirk v.State, 682 So.2d 507 (Ala.Crim.App. 1996).
Based on the foregoing, the judgment of the circuit court is affirmed.
[1] Minnifield also filed Rule 32, Ala.R.Crim.P., petitions challenging three other rape convictions from the same period on the same grounds as raised in this petition. On April 22, 2005, this Court, in an unpublished memorandum, affirmed the circuit court's denial of one of those petitions. See Minnifield v.State (No. CR-04-0167), 926 So.2d 1082
(Ala.Crim.App. 2005) (table). In unpublished memorandums released today, we affirm the circuit court's denial of the other two Rule 32 petitions (no. CR-04-0172) and (no. CR-04-0173).
[2] Minnifield also argued in his petition that he did not receive effective assistance of counsel at trial or on appeal and that he was innocent of the charges against him. However, he does not pursue those claims on appeal. Thus, those claims are deemed to be abandoned. See, e.g., Brownlee v. State,666 So.2d 91, 93 (Ala.Crim.App. 1995) ("We will not review issues not listed and argued in brief.").
[3] This court may take judicial notice of its own records. See Hull v. State, 607 So.2d 369, 371
(Ala.Crim.App. 1992).
[4] Sections 13-1-132 through-136 also dealt with various forms of what is now termed rape but at that time was referred to as carnal knowledge. Those sections have no applicability to this case.
[5] We note that despite our erroneous statement inHogan, that case was ultimately decided correctly.
[6] Section 13-1-131, Ala. Code 1975, mirrored Title 14, § 396, Code of Ala. 1940 (Recompiled 1958). Similarly, §15-8-150(80), Ala. Code 1975, is identical to Title 15, § 259, Form 89, Code of Ala. 1940 (Recompiled 1958).
AFFIRMED.
McMILLAN, P.J., and COBB and WISE, JJ., concur.
 BASCHAB, J., concurs in the result. *Page 1007