KELLUM, Judge.
A delinquency petition was filed in the juvenile court of Winston County charging the appellant, M.A.M., with rape in the first degree, a violation of § 13A-6-61, Ala.Code 1975. At the time the petition was filed, M.A.M., whose date of birth is March 9, 1989, was 24 years old and the victim, who was born on July 19, 1996, was 16 years old. The petition alleged that the criminal act occurred in January 2003 when the victim, S.H., was 6 years old and M.A.M. was 14 years old. Following a bench trial, the juvenile court found M.A.M. guilty of the lesser-included offense of sexual abuse in the first degree. The juvenile court sentenced M.A.M. to the care, custody, and control of the Alabama Department of Youth Services for *223 the maximum period of confinement allowed by law.
The evidence presented to the juvenile court established the -following pertinent facts. In January 2003, S.H.’s mother and M.A.M.’s father were married. Neither parent had custody of his or her child, but S.H. visited her mother on some of the same weekends that M.A.M. visited his father. S.H., who was 16 years old at the time of trial, testified that M.A.M. sexually assaulted her on several occasions during those weekend visits. S.H. testified that one morning while her mother and stepfather were sleeping, M.A.M. sat down on the couch next to her and kissed her, using his tongue. M.A.M. then moved S.H.’s pajamas to the side and touched the inside of S.H.’s vagina with his hand. S.H. testified that M.A.M. touched the inside of her vagina with his hand on multiple occasions over the course of several months. According to S.H., M.A.M. told S.H. that she would never see her family again if she told anyone what had happened. S.H. testified that M.A.M. also placed his penis inside her vagina. S.H. did not immediately report the abuse because M.A.M. had told S.H. not to tell anyone and she was scared.
S.H. first reported the sexual abuse in December 2012 to her mother and shortly thereafter told her grandmother about the abuse. S.H. testified that she had seen M.A.M. at a gasoline station and that it “brought back a whole lot of memories, and [she] got scared.” (R. 22.) S.H. testified that M.A.M. had tried to contact her through Facebook social media site a couple of years earlier and that it had “bothered” her. S.H. was also upset after seeing M.A.M. at her high school while she was waiting for basketball practice to start. S.H. testified that during the years she had not reported the abuse, she “figured [she] could keep it to [herself] and go on and be fine,” but it “bothered” her more so she felt like someone needed to know. (R. 53-54.)
On December 27, 2012, Monica Haddock with the Cramer Children’s Center in Florence, interviewed S.H. Haddock testified that S.H. told her that M.A.M. “laid over her and put his tongue in her mouth and put his hand in her pants, and she remembered his hand feeling cold and his finger inside her.” (R. 72.) S.H. told Haddock that it hurt when M.A.M. put his finger inside her and that M.A.M. held his hand over her mouth and told her not to scream. Haddock testified that S.H. told her that M.A.M. made her touch his penis and that M.A.M. told S.H. that she would never see her family again if S.H. told anyone what M.A.M. had done. Haddock testified that, in her opinion, S.H. was credible.
M.A.M. testified in his own defense. He denied that he ever raped or sexually abused S.H. M.A.M. testified that he had seen S.H. once or twice in the last few years. M.A.M. admitted that he contacted S.H. on Facebook to ask if she wanted to get together for dinner. M.A.M. denied that his attempt to “reconnect” with S.H. was sexually or romantically motivated.
After both sides rested, the juvenile court entered an order adjudicating M.A.M. delinquent. The juvenile court made no findings of fact in its order. This appeal followed.
M.A.M. contends that the juvenile court did not have jurisdiction to try his case because, he argues, at the time of the offense in 2003 § 12-15-30, Ala.Code 1975,[1] governed and provided that “juris *224 diction of the juvenile court automatically terminat[ed] once the child reach[ed] the age of 21.” (M.A.M.’s brief, p. 15.) In support of his contention, M.A.M. cites several cases for the general proposition that the law in effect at the time of the offense controls the prosecution. See Minnifield v. State, 941 So.2d 1000 (Ala.Crim.App.2005); Davis v. State, 571 So.2d 1287 (Ala.Crim.App.1990). Thus, M.A.M. maintains that § 12-15-30 of the former Alabama Juvenile Justice Act controls in his case and that § 12-15-114, Ala.Code 1975, does not apply.
As M.A.M. asserts on appeal and this Court has held numerous times, “the law in effect at the time of the commission of the offense controls the prosecution.” Minnifield, 941 So.2d at 1001; Hardy v. State, 570 So.2d 871 (Ala.Crim.App.1990) (unless otherwise stated in the statute, the law in effect at the time the offense was committed controls the offense); and Jefferson v. City of Birmingham, 399 So.2d 932 (Ala.Crim.App.1981)(law in effect at the time of the offense governs prosecution).
“It is well settled that ‘[ujnless the statute contains a clear expression to the contrary, the law in effect at the time of the commission of the offense “govern[s] the offense, the offender, and all proceedings incident thereto.” ’ Hardy v. State, 570 So.2d [at 872], quoting Bracewell v. State, 401 So.2d 123, 124 (Ala.1979). ‘In Alabama, retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively.’ Jones v. Casey, 445 So.2d 873, 875 (Ala.1983).”
White v. State, 992 So.2d 783, 785 (Ala.Crim.App.2007).
In G.D.H. v. State, 587 So.2d 1069 (Ala.Crim.App.1991), this Court recognized this well settled principle of law when it addressed whether the juvenile court had jurisdiction under § 12-15-1, Ala.Code 1975, a part of the former Alabama Juvenile Justice Act, of a defendant who was 17 at the time he committed the crime but over the age of 18 at the time of trial. This Court stated:
“The juvenile court did not lose jurisdiction because the appellant is now over the age of 18. The age of the perpetrator at the time of the criminal conduct is the age which is relevant for purposes of the juvenile court jurisdiction. Section 12 — 15—1(3) Code of Alabama 1975, defines the term ‘child’ for purposes of the Alabama Juvenile Justice Act as, ‘An individual under the age of 18, or under 19 years of age and before the juvenile court for a matter arising before that individual’s 18th birthday.’ (Emphasis added.) At the time of the offense the appellant was 17. The defendant is governed by the law applicable at the time of the offense. Ex parte Bracewell, 401 So.2d 123 (Ala.1979).”
G.D.H, 587 So.2d at 1070.
In the instant case, M.A.M. was 16 years, old at the time he allegedly sexually abused S.H. in 2003. At the time M.A.M. committed the alleged offense, § 12-15-30, Ala.Code 1975, provided that “[t]he juvenile court shall exercise exclusive original jurisdiction of proceedings in which a child is alleged to be delinquent, dependent, or in need of supervision.” A “child” was defined at the time M.A.M. committed the offense as “[a]n individual under the age of 18, or under 19 years of age and before the juvenile court for a matter arising before that individual’s 18th birthday.” § 12-15-1(3), Ala.Code 1975. Under the law in effect at the time M.A.M. allegedly sexually abused S.H., the juvenile court retained jurisdiction only until the child reached 21 years of age, at which point the jurisdic *225 tion of the juvenile court automatically terminated. See § 12-15-S2(a), Ala.Code 1975(“[J]urisdiction obtained by the juvenile court in any case of a child shall be retained by it until the child becomes 21 years of age.”). Therefore, based on the well settled principle of law that the law in effect at the time of the commission of the offense controls, the juvenile court lost jurisdiction over M.A.M. once M.A.M. turned 21 years of age. Because M.A.M. was 24 years old at the time the delinquency petition was filed in this case, the juvenile court did not have jurisdiction to enter an order finding M.A.M. delinquent.
Furthermore, we have reviewed Act No. 2008-277, Ala. Acts 2008, and § 12 — 15—114(b), Ala.Code 1975, and there is no express statement that § 12-15-114(b), which provides an exception to the loss of jurisdiction at 21 years of age if the offense has no statute of limitations, applies retroactively, nor can we find any indication that the legislature intended that § 12-15-114(b) apply retroactively.
The particular facts presented in this case represent an unusual set of circumstances that were undoubtedly addressed by the legislature when it adopted the current Alabama Juvenile Justice Act and repealed the former Code sections addressing the jurisdiction of the juvenile court. It is apparent that the Alabama Legislature recognized the gap in jurisdiction when it created § 12-15-114(b), Ala. Code 1975, of the current Alabama Juvenile Justice Act, which states that a juvenile court “shall not have jurisdiction over any delinquent act committed by an individual before his or her 18th birthday for which a petition has not been filed before the individual reached 21 years of age, except when the delinquent act is an offense having no statute of limitation as provided in Section 15-3-5.” Section 15-3-5, Ala.Code 1975, provides no limitation of time for the commencement of the prosecution for “[a]ny sex offense involving a victim under 16 years of age, regardless of whether it involves force or serious physical injury or death.” Indeed, under the current law, M.A.M. would be subject to prosecution in the juvenile court. However, we are constrained by the longstanding legal principle that the law in effect at the time of the commission of the offense controls. See Minnifield, supra.
For the reasons set forth above, the judgment is due to be reversed and the case remanded. Upon remand, the juvenile court is directed to dismiss the delinquency petition against M.A.M. for lack of jurisdiction.[2]
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, J., concur.
BURKE and JOINER, JJ., concur in the result.

. Effective January 1, 2009, § 12-15-30 was amended and renumbered by Act No. 2008-277, § 3, § 12-15-101 et seq., Ala.Code 1975, the current Alabama Juvenile Justice Act.

. Because we are reversing the judgment for reasons discussed above, we pretermit discussion of M.A.M.’s contention that the evidence was insufficient to support the juvenile court's adjudication of delinquency for the offense of sexual abuse in the first degree.